**W. Willard WIRTZ, Secretary of Labor, U. S. Department of Labor, Appellant,**

v.

**Clyde H. HEBERT and Cotulla Livestock Commission Company, Appellees.**

No. 22893.

United States Court of Appeals
Fifth Circuit.

Oct. 25, 1966.

Rehearing Denied Nov. 18, 1966.

Joel Chasnoff, Atty., Bessie Margolin, Associate Sol., Charles Donahue, Sol., Robert E. Nagle, Atty., Dept. of Labor, Washington, D. C., Major Parmenter, Regional Atty., for appellant.

Virgil Howard, Wade & Howard, Corpus Christi, Tex., for appellees.

Before WISDOM, BELL and AINSWORTH, Circuit Judges.

GRIFFIN B. BELL, Circuit Judge.

The Secretary appeals from an adverse decision of the District Court. Wirtz v.

Hebert, S.D.Tex., 1965, 239 F.Supp. 705. The suit involved overtime compensation allegedly due one employee; Chris Walter, Jr., under the Fair Labor Standards Act. 29 U.S.C.A. § 207(a) (1). The question presented is whether Mr. Walter should be treated as a joint employee of the appellees, his employers, so as to require that his hours of employment be combined. We conclude that he was a joint employee and reverse.

Appellee Hebert owned and operated a livestock auction barn in Beeville, Texas as a sole proprietorship. Mr. Walter was regularly employed by Mr. Hebert in this business on a full-time basis. The Cotulla Livestock Commission Company, a corporation, was formed to engage in the livestock auction business at Cotulla, Texas, approximately one hundred miles from Beeville. There were six stockholders in Cotulla. Mr. Hebert was a principal stockholder and president. During the period in question, Mr. Hebert, his wife, and his secretary at Beeville, together owned six hundred of the thirteen hundred shares of common stock outstanding in Cotulla. W. R. Johnson, an employee at Cotulla, owned an additional one hundred shares. During the latter part of the period in question, because of the purchase by Cotulla of a block of outstanding stock, Mr. Hebert and his wife owned more than a majority of the stock in Cotulla. Mr. Hebert was president, W. R. Johnson was vice president and Mrs. Hebert was secretary and treasurer of Cotulla. The other three of the six stockholders, including Mr. Hebert's Beeville secretary, were the directors of Cotulla.

Livestock sales were held at Beeville on Monday and at Cotulla on Tuesday. Mr. Walter worked at the Cotulla sale on Tuesday of each week. The Secretary claimed overtime for Mr. Walter on the theory that he was a joint employee of Mr. Hebert and the Cotulla Corporation, and therefore his hours worked at Beeville and Cotulla should be combined and overtime paid on any excess over forty hours per week. There is no contention that the Act was violated by either employer in their separate status.

The evidence is largely undisputed. Mr. Hebert also worked the Cotulla sale on Tuesday. He did not recall the exact circumstances of hiring Mr. Walter to work at the Cotulla sale but he did know that qualified labor was scarce at Cotulla. He stated that he let Mr. Walter off one day a week to work the Cotulla sale. His defense was that Mr. Walter was a mere volunteer or moonlighter in his work at Cotulla, and thus was engaged in separate employment. It appeared that several other employees of Mr. Hebert at Beeville also worked the Cotulla sale on Tuesday. They worked only on the Monday sales days at Beeville as distinguished from Mr. Walter who was employed during the balance of each week. He was a repairman and otherwise general workman.

Mr. Walter was charged with the responsibility of transporting these Beeville employees to Cotulla in his own truck. Cotulla paid him an extra hour and a half in wages for this service which involved traveling two hundred miles, and also paid him $15.00 for the use of his truck. The practice was for these employees to meet Mr. Walter in Beeville, and he then took a short cut to Cotulla in order to save ten miles of travel. One of the employees wanted to be picked up en route rather than having to come to Beeville. Mr. Walter refused to make this accommodation because he would no longer be able to take the short cut. Mr. Hebert discharged him for his refusal to pick up this employee. The discharge was joint. His employment relationship was severed simultaneously with Mr. Hebert and Cotulla.

Prior to the trial, Mr. Hebert sold his interest in Cotulla and discontinued his connection there. The evidence was that some of the Beeville employees continued to work at Cotulla despite Mr. Hebert's disassociation. The District Court placed great stock in this fact, and rendered its decision on the basis that there was no proof that the two employers intended to circumvent the overtime pro-

vision of the Act. It was recognized that the absence of such intention would be no defense if Mr. Hebert and Cotulla were in fact dual or joint employers of Mr. Walter within the purview of the Act. However, the court concluded that the facts did not make out dual or joint employment. The reasoning, in part, was that Mr. Walter's work at Beeville did not benefit Cotulla, that any benefit received by Mr. Hebert because of the work at Cotulla was only indirect to him as a stockholder in Cotulla. Thus, there was no mutual benefit to the employers, but only employment for the exclusive benefit of the employers in their separate capacities.

The Secretary urges the Wage and Hour Administrator's Interpretive Bulletin on Joint Employment Relationship under Fair Labor Standards Act, 29 CFR 791.2, as a basis for reversing the District Court. We find it unnecessary to consider this bulletin. The Act and case law is entirely sufficient, in view of the facts adduced, to sustain the position of the Secretary.

■■ This circuit recognizes the applicability of the Act to an employee occupying the status of a joint employee of two or more employers, with the result that his hours must be aggregated for overtime pay purposes. Mitchell v. John R. Crowley & Bros., Inc., 5 Cir., 1961, 292 F.2d 105. There the work of the watchman was for two contiguous property owners. He was literally performing for each concurrently. Here we do not have concurrent employment in the sense of simultaneous performance but we do not think the joint employment concept is so limited.

Section 3(d) of the Act, 29 U.S.C.A., § 203(d), defines "employer" to include " * * * any person acting directly or indirectly in the interest of an employer in relation to an employee * * * ". Mr. Hebert falls under this definition. There was an indirect if not a direct interest between the employers here. Mr. Hebert was the president of Cotulla. There was a scarcity of labor in the Cotulla area. Mr. Walter was an ex-

perienced employee in the livestock auction business of the two employers. He was made available by Mr. Hebert to Cotulla one day each week. He had the additional assignment of transporting other workers to Cotulla for the Tuesday sale. He was discharged from his employment with both employers because he refused to transport a worker to Cotulla. These facts make out a case of Mr. Hebert acting for Cotulla with respect to Mr. Walter's employment by Cotulla.

The Court of Appeals for the Second Circuit concluded that § 3(d) of the Act, under such circumstances, was a basis for requiring aggregation of hours for overtime purposes. See United States v. Klinghoffer Bros. Realty Corp., 2 Cir., 1960, 285 F.2d 487. There one corporation made some of its guards available to an affiliated corporation for six hours a week. The corporations had the same officers and shareholders and were engaged in the same general enterprise. The court held that even though the employees, as here, were working for two separate employers and were paid by two separate employers, nevertheless, the defendant corporation acted directly or indirectly within the meaning of § 3(d) of the Act in the interest of the other corporation in the employment. Accordingly, aggregation of the number of hours worked was required for overtime pay purposes, and the corporation making the guards available was responsible. We find this case persuasive on the question.

In Mitchell v. Bowman, M.D.Ala., 1954, 131 F.Supp. 520, an employee worked as a yard superintendent in a Montgomery, Alabama stockyard four or five days a week. On Thursday of each week he worked in a stockyard in Demopolis, Alabama, some one hundred miles away. He was employed by Mr. Bowman, operating the stockyard as a sole proprietorship, in Montgomery, and by a partnership consisting of Mr. Bowman and another at Demopolis. The court held that the employee was jointly employed and that the hours worked should be aggregated, as

against the sole proprietorship, for over-time pay purposes.

Appellees urge Walling v. Friend, 8 Cir., 1946, 156 F.2d 429, as controlling. We find it to be distinguishable on its facts. There was no showing there of one employer acting in the interest of the other.

The undisputed facts here, in the light of § 3(d) of the Act, make out a case of joint employment. To hold otherwise would do violence to the clear policy of the Act that overtime shall be paid for a work week longer than forty hours.

Reversed and remanded for further proceedings not inconsistent herewith.