978 F.2d 187
 124 Lab.Cas. P 35,763, 1 Wage & Hour Cas.2d
(BNA) 291
 Gregorio R. SALINAS, et al., Plaintiffs,
v.
Jimmy RODRIGUEZ, Jr., et al., Defendants.
Gregorio R. SALINAS, Gregorio G. Salinas, and Jesus Chavez,
Individually and on behalf of all others similarly
situated, Plaintiffs-Appellants,
v.
GOODPASTURE, INC., PST, et al., Defendants-Appellees.
 No. 91-1426.
 United States Court of Appeals,
Fifth Circuit.
 Nov. 17, 1992.
 
 Kay E. Mares, Susan A. Huber, Texas Rural Legal Aid, Inc., Plainview, Tex., William H. Beardall, Jr., Texas Rural Legal Aid, Inc., Weslaco, Tex., for appellants.
 Tom S. Milam, Cecil Kuhne, Crenshaw, Dupree & Milam, Lubbock, Tex., for appellees.
 Appeal from the United States District Court for the Northern District of Texas.
 ON PETITION FOR REHEARING
 (Opinion June 22, 1992, 5th Cir.1992, 963 F.2d 791)
 Before POLITZ, Chief Judge, WILLIAMS and DUHE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellants' petition for rehearing suggests that our opinion is inconsistent with Wirtz v. Hebert,[1] and interpretive guidelines promulgated by the Department of Labor. We do not agree. Although we deny the petition, we are constrained to clarify our holding.
 
 
 2
 The FLSA and AWPA do not apply to any employee "employed by an employer who did not, during any calendar quarter during the preceding year, use more than five hundred man-days of labor."[2] We have recognized that the language of the statute is keyed to an employee in relation to an employer. We have also recognized that the statute was unclear in its definition of an employer. In our opinion we concluded that a farmer who hires migrant labor through a third-party contractor jointly employs the harvest hands with the contractor insofar as the calculation of days worked is concerned.[3] We rejected as unreasonable, however, any reading of the statute or administrative guidelines which would have attributed to every farmer the hours worked for other farmers solely because the workers were supplied by the same third-party contractor.
 
 
 3
 The concerns appellants raise about our holding are allayed when viewed in light of the Supreme Court's teachings in Nationwide Mutual Ins. Co. v. Darden.[4] Darden arose in the context of ERISA, a different employment statute, but its reasoning is directly apropos of today's inquiry. Darden turned on the proper construction of the term "employee" in the ERISA legislation. The Court found the definition of that term to be indefinite, as have we in the instant case. The Court therefore "applied the 'well established' principle that
 
 
 4
 where Congress uses terms that have accumulated settled meaning under ... the common law, a court must infer, unless the statute otherwise dictates, that Congress means to incorporate the established meaning of these terms.... In the past, when Congress has used the term 'employee' without [adequately] defining it, we have concluded that Congress intended to describe the conventional master-servant relationship as understood by common-law agency. See, e.g., Kelley v. Southern Pacific Co., 419 U.S. 318 [95 S.Ct. 472, 42 L.Ed.2d 498] (1974); Baker v. Texas & P.R. Co., 359 U.S. 227 [79 S.Ct. 664, 3 L.Ed.2d 756] (1959) (per curiam); Robinson v. Baltimore & Ohio R. Co., 237 U.S. 84 [35 S.Ct. 491, 59 L.Ed. 849] (1915)."[5]
 
 
 5
 Judged against the longstanding and well-established master-servant relationship under the common law, we are convinced beyond peradventure that Congress did not intend in the case at bar to impute the hours worked for one farmer to another farmer. The employment relationship, under the common law, does not continue after the employee has left one master and gone to another. After a worker leaves the employing farmer, he no longer serves that farmer's interest and is no longer paid by that farmer.[6] Consistent therewith, once the worker has departed for another farm, the first farmer no longer possesses the power to control the manner and means by which the work is performed, just as the second farmer had no control over work performed for the first. Further, neither farmer would be vicariously liable for the torts of the worker committed during the course and scope of duties on the other farm. In short, once the worker leaves to work on another farm, all aspects of the employment relationship are at an end. Any other conclusion, under the factual scenario as is now before us, would pervert the meaning of "employer" and defeat congressional purpose.
 
 
 6
 It is imperative to note that the same result would not appertain should the farmers be, in reality, a single employer such as in instances in which separate farmers engage in a joint enterprise and share the risks and the profits therefrom,[7] or where, despite the fact that the employers are separate entities, the work performance serves the interests of both employers.[8] In the absence of clear indication that two or more separate and distinct farmers joined together in some form of common enterprise, they must be regarded as separate employers, and hours worked for one are not to be deemed hours worked for the other.
 
 
 7
 The Wirtz case cited by appellants actually accords with the result we have reached. In Wirtz the defendant had an employee who worked on a full-time basis at a livestock auction barn. The defendant also owned a livestock company in another town where the employee worked each Tuesday. We combined the hours worked at the two auction barns for overtime purposes.[9] The case at bar does not involve such a coincidence of ownership.
 
 
 8
 The petition for rehearing is DENIED.
 
 
 
 [1]
 368 F.2d 139 (5th Cir.1966)
 
 
 [2]
 29 U.S.C. § 213(a)(6)(A) (Fair Labor Standards Act of 1938); id. § 1803(a)(2) (Migrant and Seasonal Agricultural Worker Protection Act)
 
 
 [3]
 29 C.F.R. § 780.305(c) (1991)
 
 
 [4]
 --- U.S. ----, 112 S.Ct. 1344, 117 L.Ed.2d 581 (1992)
 
 
 [5]
 --- U.S. at ----, 112 S.Ct. at 1348, 117 L.Ed.2d at 589 (quoting Community for Creative Non-Violence v. Reid, 490 U.S. 730, 109 S.Ct. 2166, 104 L.Ed.2d 811 (1989))
 
 
 [6]
 Cf. Clinkenbeard v. Central Southwest Oil Corp., 526 F.2d 649, 652 (5th Cir.1976) ("It is generally recognized that an agency which is intended to continue only for the performance of a particular task terminates on the performance of that task.") (citations omitted)
 
 
 [7]
 See, e.g., Davidson v. ENSTAR Corp., 848 F.2d 574 (5th Cir.1988)
 
 
 [8]
 See Restatement (Second) of Agency § 226; see also Kelley
 
 
 [9]
 368 F.2d at 140