**EAST TENNESSEE MOTOR COMPANY,**
Plaintiff-Appellant,

v.

**UNITED STATES of America,**
Defendant-Appellee.

No. 71–1166.

United States Court of Appeals,
Sixth Circuit.

Dec. 30, 1971.

Edward L. Summers and Harold B. Stone, Knoxville, Tenn., Stone & Bozeman, Knoxville, Tenn., of counsel, for plaintiff-appellant.

Gary R. Allen, Tax Division, Dept. of Justice, Washington, D. C., Johnnie M. Walters, Asst. Atty. Gen., Meyer Rothwacks, Bennett N. Hollander, Attys., Tax Division, Dept. of Justice, Washington, D. C., on brief; John L. Bowers, Jr., U. S. Atty., Knoxville, Tenn., of counsel, for defendant-appellee.

Before WEICK, McCREE and KENT, Circuit Judges.

KENT, Circuit Judge.

This is an appeal by the plaintiff-appellant from a jury verdict for the defendant-appellee in an action for refund of corporate income taxes. The appellant is a Tennessee corporation located in Knoxville, Tennessee, its stock is closely held.

The suit for refund arises out of deficiencies assessed by the Commissioner of Internal Revenue because of unreasonable compensation paid to stockholders. The allowance of a deduction [from income] is a matter of legislative grace, and thus, any dispute concerning any deductions must look to the Statute. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440, 54 S.Ct. 788, 78 L.Ed. 1348 (1934). The Internal Revenue Code of 1954, 26 U.S.C. § 162 provides:

"(a) *In general.*—There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including—

(1) a reasonable allowance for salaries or other compensation for personal services actually rendered;"

and Treasury Regulation § 1.162–7(a) 1959 emphasizes the test to be applied:

"The test of deductibility in the case of compensation payments is whether they are reasonable and are in fact payments purely for services."

Most of the cases are concerned with the issue of the "reasonableness" aspect of the test but the "purely for services" aspect may not be ignored. Charles McCandless Tile Service v. United States, 422 F.2d 1336, 191 Ct.Cl. 108 (1970).

█ There is no specific formula to be used in determining whether a particular salary is reasonable or unreasonable or is payment for something other than services rendered. The Courts have universally examined the factual circumstances relating to the corporate officer and salary involved and have concluded that the standards to be applied require a determination of an issue of fact. Al Haft Sport Enterprises v. C.I.R., 189 F.2d 384 (6th Cir., 1951); Golden Construction Co. v. C.I.R., 228 F.2d 637

(10th Cir., 1955); Roth Office Equipment Co. v. Gallagher, 172 F.2d 452 (6th Cir., 1949); Wright-Bernet, Inc. v. C.I.R., 172 F.2d 343 (6th Cir., 1949); Mayson Mfg. Co. v. C.I.R., 178 F.2d 115 (6th Cir., 1949).

In determining the factors to be considered in any given situation this Court has said in Patton v. C.I.R., 168 F.2d 28, 31 (6th Cir., 1948):

> "There is no hard and fast rule by which reasonableness of compensation may be determined by the Tax Court. Every case must stand or fall upon its own peculiar facts and circumstances. Among other factors to be considered by that Court are: The nature of the services to be performed, the responsibilities they entail, the time required of the employee in the discharge of his duties, his capabilities and training, and the amount of compensation paid in proportion to net profits. An exclusive function of the Tax Court is the determination of the weight and credibility to be given to the witnesses.
>
> \*     \*     \*     \*     \*     \*
>
> Probably one of the most important factors in determining the reasonableness of compensation is the amount paid to similar employees by similar concerns engaged in similar industries."

And additional factors were discussed as follows in Mayson Mfg. Co. v. C.I.R., 178 F.2d 115, 119 (6th Cir., 1949):

> "Although every case of this kind must stand upon its own facts and circumstances, it is well settled that several basic factors should be considered by the Court in reaching its decision in any particular case. Such factors include the employee's qualifications; the nature, extent and scope of the employee's work; the size and complexities of the business; a comparison of salaries paid with the gross income and the net income; the prevailing general economic conditions; comparison of salaries with distributions to stockholders; the prevailing rates of compensation for comparable positions in comparable concerns; the salary policy of the taxpayer as to all employees; and in the case of small corporations with a limited number of officers the amount of compensation paid to the particular employee in previous years."

■ The Courts are agreed that when the Commissioner disallows a claimed deduction for compensation and substitutes a figure that he determines to be "reasonable," as was done in this case, such determination is presumed to be correct, and the burden is on the Taxpayer to show error in that determination. Miles-Conley Co. v. C.I.R., 173 F.2d 958 (4th Cir., 1949); Patton v. C.I.R., 168 F.2d 28 (6th Cir., 1948); Mayson Mfg. Co. v. C.I.R., 178 F.2d 115 (6th Cir., 1949); Capitol-Barg Dry Cleaning Co. v. C.I.R., 131 F.2d 712 (6th Cir. 1942); Perlmutter v. C.I.R., 373 F.2d 45 (10th Cir., 1967).

■ The rule regulating the extent of appellate review in tax cases has been laid down by the United States Supreme Court in Commissioner of Internal Revenue v. Duberstein, 363 U.S. 278 at pages 290, 291, 80 S.Ct. 1190 at pages 1199, 1200, 4 L.Ed.2d 1218 (1960), where the Court said:

> "But the question here remains basically one of fact, for determination on a case-by-case basis.
>
> One consequence of this is that appellate review of determinations in this field must be quite restricted. Where a jury has tried the matter upon correct instructions, the only inquiry is whether it cannot be said that reasonable men could reach differing conclusions on the issue. Baker v. Texas & Pacific R. Co., supra [359 U.S. 227], at 228 [79 S.Ct. 664, 3 L.Ed.2d 756]. Where the trial has been by a judge without a jury, the judge's findings must stand unless 'clearly erroneous.' Fed.Rules Civ. Proc., 52(a). 'A finding is "clearly erroneous" when although there is evidence to support it, the reviewing

court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.' United States v. United States Gypsum Co., 333 U.S. 364, 395, [68 S.Ct. 525, 542, 92 L.Ed. 746.] The rule itself applies also to factual inferences from undisputed basic facts, *id.*, at 394, [68 S.Ct. 525,] as will on many occasions be presented in this area. Cf. Graver Tank & Mfg. Co. v. Linde Air Products Co., 339 U.S. 605, 609–610, [70 S.Ct. 854, 94 L.Ed. 1097]. And Congress has in the most explicit terms attached the identical weight to the findings of the Tax Court, I.R.C. § 7482(a)."

*In this case each of the stockholders of the appellant testified in regard to the history of the business, the personal qualifications of the stockholders, including their background in the work, the nature and amount of work that each of them did and the manner in which such compensation was determined.* The president of a company engaged in a similar business was called and testified as to the reasonableness of the salaries. The value of the testimony of this individual was necessarily affected by the fact that the stockholders in the appellant company were also the dominant stockholders in the company of which he was president. *Appellant also called a member of the accounting firm which prepared the appellant's tax returns, and a professor of finance at the University of Tennessee, each of whom* testified that the salaries paid were reasonable.

In addition to the cross-examination of the witnesses for the appellant the Government offered the depositions of two witnesses who were officers of companies engaged in business similar to that of the appellant, each of whom testified as to salaries paid which were much lower than those paid to the stockholders of the appellant company and each of whom was extensively examined by appellant's trial counsel.

Appellants also complain about the failure to give certain requested instructions, but after examination of the entire record we are satisfied that the case was submitted to the jury on appropriate instructions and we find no error in the instructions as given. We find no other allegations of error which require discussion.

Having concluded that all issues were properly submitted to the jury under proper instructions, the judgment of the trial court is affirmed.