**MIAMI VALLEY BROADCASTING CORPORATION, Petitioner-Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

No. 77–1147.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 8, 1979.

Decided March 8, 1979.

Bernard J. Long, Jr., Leslie H. Wiesenfelder, Dow, Lohnes & Albertson, Washington, D. C., for petitioner-appellant.

Myron C. Baum, Acting Asst. Atty. Gen., Tax Div., U. S. Dept. of Justice, Washington, D. C., Gilbert E. Andrews, Richard W. Perkins, Michael J. Roach, Meade Whitaker, Chief Counsel, I. R. S., Washington, D. C., for respondent-appellee.

Before LIVELY, ENGEL and MERRITT, Circuit Judges.

PER CURIAM.

This is an appeal by the taxpayer, Miami Valley Broadcasting Corporation, from a decision of the United States Tax Court valuing certain assets acquired by the taxpayer as a result of a liquidation distribution.

On October 31, 1963, the taxpayer acquired the entire outstanding stock of San Francisco-Oakland Television, Inc.; and, thereafter, on June 30, 1964, San Francisco-Oakland Television was liquidated into the taxpayer pursuant to sections 332 and 334(b)(2) of the Internal Revenue Code of 1954, as amended. Among the assets liquidated were (1) a leasehold interest in the studio facilities of television station KTVU located in Oakland, California, and (2) contractual rights to televise six regular 1964 season baseball games between the San Francisco Giants and the Los Angeles Dodgers. The basis upon which the taxpayer may compute the amortization deductions for the lease and the deduction for the telecast rights depends upon a proper valuation of these assets.

The Tax Court determined that, on the date of the liquidation, the lease was worth $350,000 and the baseball telecast rights were worth $25,000. The taxpayer complains that these figures are too low.

■ We may not disturb ultimate determinations of value by the Tax Court unless they are clearly erroneous. *East Tennessee Motor Co. v. United States*, 453 F.2d 494 (6th Cir. 1971). While that standard of review requires that we accord great deference to the values established by the Tax Court in this case, it does not render us a mere rubber stamp. At the very least, we must be told the method of valuation that the Tax Court employed to arrive at its figures if we are to perform intelligently our review function, limited though it may be. This the Tax Court failed to do with respect to its valuation of the lease.

The parties now agree that the difference between the actual rent to be paid over the remaining fourteen year term of the lease and the fair market rental for the same period was at least $957,667.[1] But it is a mystery what discount factor the Tax Court used to reduce that figure to $350,-000.

The taxpayer argued below that there was no need to discount the premium value of the lease to its present value because the lease did not provide for any rental rate increase and thus any discount would be offset by projected increases in the fair market value of the lease and by inflation. The taxpayer renews that argument here. The government apparently contended below that the lease was valueless, but the government now forwards a tortured *post hoc* calculation by which, it hypothesizes, the Tax Court might properly have arrived at the $350,000 figure.

We decline the government's invitation to speculation and remand the case to the Tax Court for revaluation of the leasehold interest including an explanation of the formula used to value the lease and the factors rendering that choice of formula appropriate.

■ The Tax Court did adequately elaborate the factors it considered in valuing the baseball telecast rights, and we do not find that determination clearly erroneous.

1. *See KFOX, Inc. v. United States*, 510 F.2d 1365, 1374, 206 Ct.Cl. 143 (1975).

Affirmed in part, reversed and remanded in part.