BAKER ET AL. v. TEXAS & PACIFIC RAILWAY CO.

No. 363.   Argued March 25, 1959.—Decided April 6, 1959.

*Harvey L. Davis* argued the cause and filed a brief for petitioners.

*D. L. Case* argued the cause and filed a brief for respondent.

PER CURIAM.

This action was commenced by the petitioners against the respondent railroad in a Texas State District Court, under the Federal Employers' Liability Act, 35 Stat. 65, as amended, 45 U. S. C. §§ 51–60, to recover damages for the death of petitioners' decedent, Claude Baker, allegedly caused by the negligence of the respondent. Baker had been hired as a workman by W. H. Nichols & Co., Inc., which was engaged in work along the main line right of way of the respondent under a contract with it.   The work consisted of "grouting," or pumping sand and cement into the roadbed to strengthen and stabilize it.   Baker was struck and killed by a train while engaged at this job.   It was petitioners' contention in the trial court that Baker was killed while he was "employed" by respondent, within the meaning of § 1 of the Act.   Evidence on the question was introduced by the parties, and a special issue for the jury's determination was framed, but the judge declined to submit the issue to

the jury, holding as a matter of law that Baker was not in such a relationship to the railroad at the time of his death as to entitle him to the protection of the Act. The Court of Civil Appeals affirmed the trial court's judgment for the respondent, 309 S. W. 2d 92, and the Texas Supreme Court refused an application for a writ of error. We granted certiorari, 358 U. S. 878, to investigate whether such an issue is properly one for determination by the jury.

The Federal Employers' Liability Act does not use the terms "employee" and "employed" in any special sense, *Robinson* v. *Baltimore & Ohio R. Co.,* 237 U. S. 84, 94, so that the familiar general legal problems as to whose "employee" or "servant" a worker is at a given time present themselves as matters of federal law under the Act. See *Linstead* v. *Chesapeake & Ohio R. Co.,* 276 U. S. 28, 33–34. It has been well said of the question that "[e]ach case must be decided on its peculiar facts and ordinarily no one feature of the relationship is determinative." *Cimorelli* v. *New York Central R. Co.,* 148 F. 2d 575, 577. Although we find no decision of this Court that has discussed the matter, we think it perfectly plain that the question, like that of fault or of causation under the Act, contains factual elements such as to make it one for the jury under appropriate instructions as to the various relevant factors under law. See Restatement, Agency 2d, § 220, comment *c;* § 227, comment *a.* Only if reasonable men could not reach differing conclusions on the issue may the question be taken from the jury. See *Chicago, R. I. & P. R. Co.* v. *Bond,* 240 U. S. 449. Here the petitioners introduced evidence tending to prove that the grouting work was part of the maintenance task of the railroad; that the road furnished the material to be pumped into the roadbed; and that a supervisor, admittedly in the employ of the railroad, in the daily course of the work exercised directive control over the details of the job per-

formed by the individual workmen, including the precise point where the mixture should be pumped, when they should move to the next point, and the consistency of the mixture. The railroad introduced evidence tending to controvert this and further evidence tending to show that an employment relationship did not exist between it and Baker at the time of the accident. An issue for determination by the jury was presented. "The very essence of . . . [the jury's] function is to select from among conflicting inferences and conclusions that which it considers most reasonable." *Tennant* v. *Peoria & Pekin Union R. Co.,* 321 U. S. 29, 35.

*Reversed.*

MR. JUSTICE FRANKFURTER would dismiss this writ of certiorari as improvidently granted. See *Rogers* v. *Missouri Pacific R. Co.,* 352 U. S. 500, 524. As the Court itself notes, " '[e]ach case must be decided on its peculiar facts . . . .' " Such cases are unique and of no precedential value and are, therefore, outside of the criteria justifying a grant of certiorari. See *Houston Oil Co.* v. *Goodrich,* 245 U. S. 440.