**Frank M. STREETER, Plaintiff,**

v.

**ERIE RAILROAD COMPANY, a corporation, Defendant.**

United States District Court
S. D. New York.

Feb. 29, 1960.

Zelenko & Elkind, New York City, Arnold B. Elkind, and Edwin Weiss, New York City, of counsel, for plaintiff.

Davis, Polk, Wardwell, Sunderland & Kiendl, New York City, J. Roger Carroll, New York City, of counsel, for defendant.

HERLANDS, District Judge.

In this F. E. L. A. action (45 U.S.C.A. § 51 et seq.), plaintiff, a passenger train conductor, was riding a regularly scheduled passenger train (Train No. 50) on August 11, 1958, from a station (Monroe) close to his home to the station (Suffern), at which he would begin his regularly assigned duties.

Plaintiff boarded the train at 5:25 a. m. He was due to report for work at 6:18 a. m.

While riding to work, he was engaged in preparing cash fare and receipts forms and a train list in preparation for use in his regular duties on his assigned train.

Before reaching his regularly assigned place of work, there was a head-on collision (which defendant admits was caused by its negligence) between defendant's Train No. 50 and defendant's Train No. 53. Plaintiff was injured.

This action seeks to recover for the resulting damages. There is no diversity of citizenship herein. Jurisdiction, if it exists, rests solely on the F. E. L. A.

At the time he was injured, plaintiff was following his practice of getting to and preparing for his regular work assignment.

The collective bargaining agreement (which regulated the performance of plaintiff's duties) provided that his "working time" would begin at the time he was "required to report for duty," some fifty-three minutes later. Plaintiff chose the means of transportation.

Defendant required plaintiff to report for work at 6:18 a. m. at Suffern. There is nothing in the present record to indicate one way or the other whether plaintiff could have prepared or completed his paper work on his assigned train during regular duty hours.

Plaintiff was not riding as a member of the fare-paying public. He rode free, on a pass which defendant gave him for his unrestricted use.

The pass provided, *inter alia*, that plaintiff "assumes all risks of accidents, death, personal injury" and "agrees that this pass is given gratuitously and furnishes no part of considerations for services, and that said railroad company shall not be considered as a common carrier as to the transportation furnished thereon. * * * This free pass is accepted and used upon the above conditions." The only issue between the parties (other than damages) is whether, at the time plaintiff was injured, he was "employed," within the meaning of 45 U.S.C.A. § 51.

Plaintiff has moved for summary judgment as to liability. Defendant has cross-moved for dismissal of the complaint, contending that this court does not have jurisdiction of the cause because plaintiff was not "employed" at the time of the accident and hence the F. E. L. A. does not apply.

Whether, at the time of the accident, a plaintiff was acting "while he is employed" by the railroad is generally a question of fact for the jury's determination. The circumstance by and of itself that the injury occurred before or after regularly assigned duty hours, or away from the place of regularly assigned duty, does not necessarily remove from the jury's determination the question of fact whether he was injured "while he is employed." Powers v. New York Central R. Co., 2 Cir., 1958, 251 F.2d 813, 816; Healy v. Pennsylvania R. Co., 3 Cir., 1950, 184 F.2d 209, 211. See Morris v. Pennsylvania R. Co., 2 Cir., 1951, 187 F.2d 837; Mostyn v. Delaware, L. & W. R. Co., 2 Cir., 1947, 160 F.2d 15, certiorari denied 332 U.S. 770, 68 S.Ct. 82, 92 L.Ed. 355.

Even where there is no dispute as to the facts of the event, the determination calls for an inference or a conclusion of fact, and this—like questions of fault or causation—must be left to a jury unless "reasonable men could not reach differing conclusions." Cf. Baker v. Texas & P. R. Co., 1959, 359 U.S. 227, 79 S.Ct. 664, 665, 3 L.Ed.2d 756; Schiemann v. Grace Line, Inc., 2 Cir., 1959, 269 F.2d 596, 598. Contra, Quirk v. New York, C. & St. L. R. Co., 7 Cir., 1951, 189 F.2d 97, 98, certiorari denied 342 U.S. 871, 72 S.Ct. 105, 96 L.Ed. 655.

Given the undisputed facts of this case, reasonable men may reach differing conclusions as to whether plaintiff was "employed" (within the statutory meaning) at the time of the accident.

■ A motion for summary judgment is not a substitute for a trial. The record on such a motion is necessarily limited to affidavits and exhibits. What is omitted or not mentioned may sometimes be decisive. On such a motion, the court must decline to decide any factual issue whose answer admits of reasonable doubt. Fed-

eral Glass Co. v. Loshin, 2 Cir., 1954, 217 F.2d 936, 937.

On a plenary trial, a jury may have the benefit of possibly relevant evidence which has not been presented in the motion papers. The pass used by plaintiff, while containing the self-characterizing expression that it is gratuitous, may have in fact originated as an incident of the employer-employee relationship.[1]

Although the accident may not have occurred during regular working hours or, although the accident may not have occurred at the assigned place of work or, although plaintiff's activity at the time of the accident was optional with plaintiff, the controlling question is, nevertheless, did the accident occur while the plaintiff was engaged (1) in an activity that was either an incident substantially required as part of his employment, or (2) in an activity that plaintiff was induced by his employer to engage in as an incident of the employment.

In two cases in other circuits presenting facts resembling those in the case at bar, both decided before the Supreme Court decision in Baker v. Texas & P. R. Co., supra, the courts decided the employment issue as a matter of law, without discussing the question whether the issue is properly one for the finder of fact. Sassaman v. Pennsylvania R. Co., 3 Cir., 1944, 144 F.2d 950; Metropolitan Coal Co. v. Johnson, 1 Cir., 1959, 265 F.2d 173.

Sassaman and Metropolitan Coal are to be distinguished by their factual and procedural settings;[2] and are thus reconcilable with the views expressed herein.

This opinion constitutes an order denying both plaintiff's motion for summary judgment and defendant's cross-motion to dismiss.

1. Suggestive of that possibility are such questions as the following: Did plaintiff's employer expressly or implicitly require that he prepare his cash fares and receipts forms and his train list prior to the time when his regularly assigned duties would commence? Was the pass in fact given as partial consideration for plaintiff's services, notwithstanding the contrary recital printed thereon? Did the railroad provide a pass for plaintiff (and for its employees generally) for the railroad's economic self-interest, e. g., insuring desired punctuality on the part of employees in reporting for work; or affording the railroad with the opportunity to tap a larger labor supply by obtaining employees who are enabled to travel a considerable distance to the place of work? Are passes provided partly for the reason that otherwise a railroad employee's travel between home and assignment might cost him a disproportionate part of his earnings and thus af-fect wage demands? Did the railroad encourage its employees to use the pass in reporting for work?

2. Sassaman and Metropolitan Coal were appeals from plaintiff's judgments in common-law negligence actions brought in the district courts under their diversity jurisdiction. In those cases, it became necessary to determine whether the F.E.L.A. was applicable as the exclusive remedy. Neither case involved the element that, at the time of the accident, the plaintiff was doing his employer's work. In Sassaman, the pass on which the employee was riding did not provide that it was a gratuity; and the court held that it was a consideration for services. In Metropolitan Coal, a material proviso in the pass, as interpreted by the court, negated the contractual assumption of risk so far as it might have affected trips between the employee's home and the place at which he performed his duties.