**UNITED STATES of America,**
**Appellant,**

**v.**

**Genevieve E. FRANKEL, Executrix of the Estate of Samuel F. Frankel, Deceased, and Genevieve E. Frankel, Appellees.**

**No. 16809.**

United States Court of Appeals
Eighth Circuit.

May 4, 1962.

___

1. 11 U.S.C.A. § 69.

Daniel K. Mayers, Atty., Dept. of Justice, Washington, D. C., made argument for appellant and was on the brief. Louis F. Oberdorfer, Asst. Atty. Gen., John R. Jones, Jr., Lee A. Jackson, Attys., Dept. of Justice, Washington, D. C., and Miles W. Lord, U. S. Atty., Minneapolis, Minn., were with him on the brief.

C. Stanley McMahon, for Brehmer & McMahon, Winona, Minn., made argument for appellee and was on the brief.

Before SANBORN and MATTHES, Circuit Judges, and GRAVEN, District Judge.

SANBORN, Circuit Judge.

This is an appeal by the Government from a judgment for Genevieve E. Frankel in an action brought by her for the refund of income taxes which she paid for the year 1956. The action is based upon the claim that in her income tax return for that year there had erroneously been included in her gross income nontaxable gifts.

Genevieve E. Frankel is the widow of Samuel F. Frankel, who died February 22, 1956, and the executrix of his estate. Her husband had been employed by the Badger Foundry Company (a corporation), of Winona, Minnesota, for approximately forty years. At the time of his death he was its secretary and treasurer and responsible for sales.

On March 15, 1956, the Board of Directors of the Badger company adopted the following resolution:

"It was moved by W. W. Meyst and seconded by O. H. Williams and carried, that in appreciation of the years of faithful and devoted service to the Badger Foundry Company by S. F. Frankel that the Management be authorized to pay Mrs. S. F. Frankel the bonus earned in the first quarter of operations of the Company by S. F. Frankel at the rate set at the Directors' Meeting of January 31, 1956, and to continue to pay Mrs. S. F. Frankel the monthly salary that would have been earned by Mr. Frankel for the balance of the calendar year of 1956."

The bonus and the salary which Mr. Frankel would have received in 1956 for the remainder of the year 1956, had he lived, amounted to $17,135.15 (bonus $4,635.15, salary $12,500). That amount was paid to Mrs. Frankel during 1956. On April 16, 1956, another resolution was adopted by the Board of the Badger company "that the 1955 Chrysler New Yorker automobile owned by the company be given to Mrs. S. F. Frankel as soon as transfer of title can be arranged." This car, which had a value of $2,300, was transferred to her in 1956, pursuant to the resolution.

The Badger company in its corporate income tax return for 1956 took a deduction, under "Compensation of Officers," of $21,511.15, representing the salary payments in 1956 to Mr. S. F. Frankel prior to his death, the salary continuation payments made to Mrs. Frankel after his death, the bonus payment made to Mrs. Frankel, and the Company's basis in the car given to her.

The Company had never, upon the death of an employee, made any transfers similar to those made to Mrs. Frankel, and during the previous twenty-five years there had been no death of any corporate officer.

There was no contract between the Badger company and Mr. Frankel or between it and Mrs. Frankel to make any of the payments which were made to her in 1956 after his death. There was no legal obligation on the part of the Company to make any of the transfers of money or property to her in 1956. She had performed no services for the Company in 1956 or previously and had never been a stockholder, an officer or an em-

**668**

ployee of the Company. The transfers in suit were made directly to Mrs. Frankel personally, and not to the estate of her husband.

In her 1956 income tax return Mrs. Frankel included in her gross income all but $2,000 [1] of the total gratuities which she received from the Company, and paid her tax. On April 20, 1959, she filed a claim for refund in the amount of $3,239.-50, the amount of tax paid which was attributable to the inclusion of the gratuities in gross income. Her claim for refund was disallowed. She brought this action to obtain the refund, alleging, in effect, that the gratuities she received from the Company in 1956 were nontaxable gifts, excludable from gross income under Section 102(a) of the Internal Revenue Code of 1954, 26 U.S.C.1958 ed. § 102(a). [2]

The case was tried by the District Court without a jury. The facts were stipulated. The trial court determined that the gratuities received by the taxpayer from the Company in 1956, subsequent to the death of her husband, were "gifts" and were not includable in her gross income. Judgment was entered in her favor for $3,239.50. It is conceded that that was the amount due her if the transfers were "gifts" as the trial court found. The memorandum opinion of the District Court is reported in 192 F.Supp. 776. That court also ruled that Section 101(b) of the Internal Revenue Code of 1954 does not limit to $5,000 the amount excludable on payments such as those here involved. That ruling is not challenged on this appeal. We are concerned only with the question whether the trial court erred in holding that the gratuities were excludable from gross income as "gifts."

■ The Government challenges the adequacy of the trial court's findings to support its determination that what the taxpayer received from the Company were "gifts." The Government says that

the findings "were not pertinent to the determinative issue of the objective motivation of the transferor—i. e., *why* the payments were made," and that "[t]he decision of the lower court should be vacated, and the case remanded for the purpose of obtaining meaningful findings of fact on the relevant question in this case." The Government also contends that if it be assumed that the trial court's findings were pertinent, "[t]here was no evidence in the record to support a conclusion that the corporate directors transferred corporate assets to the taxpayer because of their personal affection and sympathy for her."

The trial court found, among other things:

"X.

"That the payment by Badger Foundry Company to plaintiff of the money and property above referred to was not intended to be, and was not, made in consideration of or as additional compensation for any services rendered to it by Samuel F. Frankel. Said sums were not paid pursuant to any obligation of any kind or nature, express or implied, owed by Badger Foundry Company to Samuel F. Frankel, to his estate, or to Genevieve E. Frankel, plaintiff herein, and no consideration was given for or on account of said payments.

"XI.

"That the payments made by Badger Foundry Company to the plaintiff herein were benevolent acts and were intended to be and were made as expressions of sympathy, generosity and kindness to the widow of a deceased officer and employe."

The court's conclusions were stated as follows:

"The payments of the aforesaid sums by Badger Foundry Company

---

1. Taxpayer excluded $2,000 under § 101 (b) of the Internal Revenue Code of 1954, 26 U.S.C.A. § 101(b).

2. "§ 102. Gifts and inheritances.
    "(a) *General rule.*—Gross income does not include the value of property acquired by gift, * * *."

to Genevieve E. Frankel, the plaintiff herein, were intended to be and were gifts to her by Badger Foundry Company within the meaning of the provisions of Section 102(a) of the 1954 Internal Revenue Code. 26 U.S.C. Section 102(a). The amount of such gifts was not includable in gross income and was not subject to the limitation of the $5,000.00 exclusion provided in Section 101(b) of the 1954 Internal Revenue Code. 26 U.S.C., Section 101(b).

### "II.

"That for the calendar year 1956 defendant erroneously assessed and collected from plaintiff the sum of $3,239.50.

### "III.

"That defendant owes plaintiff the sum of $3,239.50 with interest at the rate of six percent (6%) per annum from and after April 15, 1957."

Whether more explicit or more meaningful findings and conclusions could have been drawn, we need not decide. It seems obvious that the trial court determined that, under the stipulated facts, the gratuities that the taxpayer received from the Company after her husband's death qualified as nontaxable gifts under § 102(a) of the 1954 Internal Revenue Code.

The Government relies heavily upon what it conceives to be the teachings of the opinion in Commissioner v. Duberstein, 363 U.S. 278, 80 S.Ct. 1190, 4 L.Ed. 2d 1218.

We think that the opinion in that case does not require that the instant case be remanded for more "meaningful findings." The opinion in Duberstein covered two separate cases. One involved a present of a Cadillac car by Mohawk Metal Corporation, through its president Berman, to Duberstein out of gratitude or in recompence for business favors. The Tax Court decided that the Cadillac was not a "gift." On petition to review, the Sixth Circuit (Duberstein v. Commissioner, 265 F.2d 28) reversed the Tax Court, holding that its decision was wrong. The Supreme Court disagreed with the Court of Appeals, ruling that the finding of the Tax Court was not clearly erroneous. (Page 291 of 363 U. S., page 1190 of 80 S.Ct.) The other case (Stanton v. United States, 363 U.S. 278, 281, 80 S.Ct. 1190, 4 L.Ed.2d 1218) involved a present of $20,000 by the Trinity Operating Company, Incorporated, to Stanton, who had been for approximately ten years in the employ of Trinity Church in New York City. He was comptroller of the Church corporation and president of the Operating Company. He had resigned from those positions to enter business for himself. The board of directors of the Operating Company, "in appreciation of the services rendered by Mr. Stanton," awarded him a gratuity of $20,000 upon his departure from its employ. The Commissioner determined that the $20,-000 gratuity was taxable income. In a suit to obtain a refund of the tax paid as a result of including in gross income the $20,000 gratuity, the District Court held it was a "gift." The findings of fact and conclusions, made orally, were:

"The resolution of the Board of Directors of the Trinity Operating Company, Incorporated, held November 19, 1942, after the resignations had been accepted of the plaintiff from his positions as controller of the corporation of the Trinity Church, and the president of the Trinity Operating Company, Incorporated, whereby a gratuity was voted to the plaintiff, Allen [sic] D. Stanton, in the amount of $20,000 payable to him in monthly installments of $2,000 each, commencing with the month of December, 1942, constituted a gift to the taxpayer, and therefore need not have been reported by him as income for the taxable years 1942, or 1943."

The Court of Appeals for the Second Circuit reversed the judgment. Stanton v. United States, 268 F.2d 727. The question of the adequacy of the findings and conclusions of the trial court was not referred to by the Court of Appeals in

its opinion. Apparently the only issue tried in the District Court in Stanton's case was whether the gratuity received by him was excludable from gross income as a "gift," and apparently, also, that issue was resolved in favor of the taxpayer. The Supreme Court granted certiorari. Five of the justices of the Supreme Court were of the view that the judgment in the Stanton case should be vacated and the case remanded to the District Court for further proceedings "looking toward new and adequate findings of fact." (Page 293 of 363 U.S., page 1201 of 80 S.Ct.)

In the instant case it seems to us that the trial judge has made it plain by his opinion, findings and conclusions that he had determined that, under the stipulated facts, and under the standards established by Bogardus v. Commissioner, 302 U.S. 34, 43, 58 S.Ct. 61, 82 L.Ed. 32, and in conformity with Commissioner v. Duberstein, supra, [Stanton v. United States] (363 U.S. 278, 80 S.Ct. 1190, 4 L.Ed.2d 1218), the taxpayer's return for 1956 included as taxable income nontaxable gifts made to her out of a spirit of sympathy and generosity.

We believe that to remand this case for more "meaningful" findings as to motivation and intent would serve no useful purpose and would merely prolong this controversy. See and compare, United States v. Kasynski, 10 Cir., 284 F.2d 143, 146, in which the same question as to adequacy of the trial court's findings was raised. As we read the opinion in Duberstein (363 U.S. 278, 80 S.Ct. 1190), it does not change the criterion laid down in Bogardus v. Commissioner (302 U.S. 34, 43, 58 S.Ct. 61) for determining what are "gifts" within the meaning of the applicable statute. But see, Poyner et al., Executors of Estate of Pierpont v. Commissioner, 4 Cir., 301 F.2d 287 decided March 21, 1962.

We note that Mr. Justice Frankfurter, in his opinion concurring in Duberstein and dissenting in Stanton, said (pages 296–297 of 363 U.S., pages 1202, 1203 of 80 S.Ct.):

"The Court has made only one authoritative addition to the previous course of our decisions. Recognizing Bogardus v. Commissioner, 302 U.S. 34 [, 58 S.Ct. 61], as 'the leading case here' and finding essential accord between the Court's opinion and the dissent in that case, the Court has drawn from the dissent in Bogardus for infusion into what will now be a controlling qualification, recognition that it is 'for the triers of the facts to seek among competing aims or motives the ones that dominated conduct.' 302 U.S. 34, 45 [, 58 S.Ct. 61, 66] (dissenting opinion). All this being so in view of the Court, it seems to me desirable not to try to improve what has 'already been spelled out' in the opinions of this Court but to leave to the lower courts the application of old phrases rather than to float new ones and thereby inevitably produce a new volume of exegesis on the new phrases."

To our minds, the findings and conclusions of the trial court are adequate. We think the factual basis for them, although stipulated, was not inadequate and was sufficient to sustain the judgment. Cf. Poyner et al., Executors of Estate of Pierpont v. Commissioner, supra; Joshel v. Commissioner, 10 Cir., 296 F.2d 645, 647; Estate of Kuntz v. Commissioner, 6 Cir., 300 F.2d 849, decided April 4, 1962.

In Commissioner v. Duberstein, the Supreme Court said (page 289 of 363 U.S., page 1198 of 80 S.Ct.):

" * * * Decision of the issue presented in these cases must be based ultimately on the application of the fact-finding tribunal's experience with the mainsprings of human conduct to the totality of the facts of each case. The nontechnical nature of the statutory standard, the close relationship of it to the data of practical human experience, and the multiplicity of relevant factual elements, with their various combinations, creating the necessity of ascribing the proper force to each, confirm us in our conclusion that pri-

mary weight in this area must be given to the conclusions of the trier of fact. Baker v. Texas & Pacific R. Co., 359 U.S. 227 [, 79 S.Ct. 664, 3 L.Ed.2d 756]; Commissioner v. Heininger, 320 U.S. 467, 475 [, 64 S. Ct. 249, 254, 88 L.Ed. 171]; United States v. Yellow Cab Co., 338 U.S. 338, 341 [, 70 S.Ct. 177, 179, 94 L.Ed. 150]; Bogardus v. Commissioner, supra [302 U.S. 34] at 45 [, 58 S.Ct. at page 66] (dissenting opinion).''

We are satisfied that in the present case the trial judge, whose long "experience with the mainsprings of human conduct" we regard as unsurpassed, did not misconceive or misapply the applicable law in this case to the facts before him.

The history of the Commissioner's past attempts to have gratuities paid to widows of deceased employees made includable in gross income is of no help to the Government, and need not be discussed in this opinion.

The judgment appealed from is affirmed.