Denia M. **FAWCETT**, Administratrix of the Estate of Floyd S. Fawcett, Appellant,

v.

**MISSOURI PACIFIC RAILROAD COMPANY**, Appellee.

No. 21338.

United States Court of Appeals Fifth Circuit.

April 22, 1965.

Rehearing Denied May 27, 1965.

Joseph E. Bass, Jr., and Bass & Lawes, Lake Charles, La., for appellant.

John R. Stewart and Stewart & Bond, Lake Charles, La., for appellee.

Before WHITAKER,[*] Senior Judge, and RIVES and JONES, Circuit Judges.

PER CURIAM:

This appeal is from a summary judgment entered in favor of the defendant Railroad Company in an action under the Federal Employers' Liability Act, 45 U.S. C.A. §§ 51–60. The sole issue was whether the deceased, Fawcett, was an employee of the defendant within the meaning and purpose of the Act at the time of his death. That issue was fully explored by affidavits, oral testimony and exhibits. The district court held that there was no genuine issue of fact. Thinking that no reasonable man could differ with the conclusion that the deceased was not an employee of the defendant at the time he met his death, the district court entered a full opinion, findings of fact and conclusions of law,[1] and granted the defendant's motion for summary judgment.

The various relevant factors under law in determining whether the injured or killed person was an employee of the railroad carrier with respect to the Federal Employers' Liability Act have been ruled several times by the Supreme Court.[2] After careful consideration, we find ourselves in agreement with the opinion, findings, and conclusions of the district court. The judgment is therefore

Affirmed.

---

[*] Of the Court of Claims, sitting by designation.

1. Reported in 242 F.Supp. 675.

2. Baker v. Texas & P. R. Co., 1959, 359 U.S. 227, 228, 79 S.Ct. 664, 3 L.Ed.2d 756; Ward v. Atlantic Coast Line R. Co., 1960, 362 U.S. 396, 400, 80 S.Ct. 789, 4 L.Ed.2d 820, reversing Ward v. Atlantic Coast Line R. Co., 5 Cir., 1959, 265 F.2d 75; see also Sinkler v. Missouri Pacific R. Co., 1958, 356 U.S. 326, 78 S.Ct. 758,

2 L.Ed.2d 799. In each of the two cases first cited in this footnote, the Supreme Court referred to the Restatement of Agency 2nd. § 220 for the factors to be considered in each particular case in determining whether a person is an "employee." (See 359 U.S. 228, 79 S.Ct. 664; 362 U.S. 400, 80 S.Ct. 789.) All of the pertinent cases are collected in an extensive annotation in 30 A.L.R.2d 517–529, and the Supplement Service.