Alice BENNETT, Appellant,

v.

NORTH BRIGHTON TOWNHOUSES, INC., a corporation, and F. C. Housing Company, Inc., a corporation, Respondents.

No. KCD 30011.

Missouri Court of Appeals, Western District.

Sept. 4, 1979.

Rehearing Denied Oct. 1, 1979.

Daniel M. Czamanske, Duncan E. Kincheloe, III, Parkville, for appellant.

James H. Horn, William A. Lynch, Kansas City, for respondents.

Before SHANGLER, P. J., WASSERSTROM, C. J., and CLARK, J.

CLARK, Judge.

Alice Bennett brought an action for damages against defendants (hereafter respondents) by reason of injuries she sustained in a fall while visiting as a guest at apartment premises owned and managed by respondents and rented to plaintiff's hosts. The cause was tried to a jury which returned a verdict of $50,000.00 for plaintiff and judgment was duly entered. On respondent's after-trial motion, however, the court set aside the verdict and judgment. Plaintiff appeals from that order.

At once apparent is the absence from this record of any final judgment or appealable order establishing appellate jurisdiction. Plaintiff assumes in her brief that judgment was entered by the trial court for respondents, but no such entry appears. Respondents, although not expressly accepting this fallacious premise, brief and argue the case as an appeal from an order setting aside the jury verdict.

The right to appeal is entirely statutory and, as applicable to this case, is limited to any order granting a new trial, any final judgment or any special order after final judgment. Section 512.020, RSMo 1978. As the prior judgment was

erased by the subsequent order, there is no final judgment in this case and no special order after final judgment as action on respondents' post-trial motion precluded maturity of the judgment on the jury verdict into finality. For these reasons and for the further reason that the trial court has not by an order setting aside a verdict exhausted its jurisdiction, such order is not appealable. *Harper v. Harper,* 379 S.W.2d 889 (Mo.App.1964).

■ Neither party has regarded the absence of any judgment or appealable order concluding the trial court's jurisdiction as any obstacle worthy of note. Even though the point has not been addressed on briefs or argument, the court must do so sua sponte for the requirement of finality is jurisdictional. *Marsch v. Williams,* 575 S.W.2d 897 (Mo.App.1978); *Mitchell v. Commercial Standard Insurance Co.,* 565 S.W.2d 184 (Mo.App.1978).

Respondents' motion sought an order setting aside the jury verdict and for alternative relief, either for judgment notwithstanding the verdict or for a new trial. In response to that motion, the court recorded its order as follows:

"Defendants' Motion to Set Aside the Verdict is sustained on the ground that plaintiff was guilty of contributory negligence as a matter of law. Clerk to notify parties."

■ No indicated disposition is made of the motion for judgment N.O.V. and of the new trial motion. Unlike *Sears v. Norman,* 543 S.W.2d 300 (Mo.App.1976), and cases there cited where the judge recorded in abbreviated form in his minute book the rendition of a judgment followed subsequently by entry of a formal judgment by the clerk on the judgment rolls, no disposition whatever appears, rendering the record incapable of restoration by the ministerial act of a clerk. Quite obviously, it is the judge who must first decide and thereafter record in some fashion his rulings on the motions. *Sears v. Norman, supra,* may not be extended to transfer the decisional function to a clerk on the pretext of record-keeping duties.

Under Rule 72.01(b), the filing of alternative motions for judgment notwithstanding the verdict and for new trial is permitted and the court is authorized either to allow the judgment on the jury verdict to stand or to reopen the judgment and direct entry of judgment in accordance with the motion. Rule 72.01(c) then provides as follows:

"(1) If the motion for judgment notwithstanding the verdict provided for in subdivision (b) of this Rule, is granted, the court *shall* also rule on the motion for new trial, if any, by determining whether it should be granted if the judgment is thereafter vacated or reversed, and *shall* specify the grounds for granting or denying the motion for new trial." (Emphasis added.)

The content of this rule is substantially derived from former Rule 72.02 which similarly required the trial court to rule conjunctively on motions for judgment N.O.V. and the alternative motion for new trial. Rule 72.02 was designed to meet the problem encountered in *State v. Davis,* 302 S.W.2d 892 (Mo.1957), in which the court disapproved of the practice of treating after-trial motions piecemeal and recommended that the court and counsel see to it that alternative motions are considered and ruled. Following the adoption of Rule 72.-02, the court in *Medical West Building Corp. v. E. L. Zoernig & Co.,* 414 S.W.2d 287 (Mo.1967), indicated that litigants have an obligation to see that the trial court acts in accordance with Rule 72.02 and that failure to do so incurs the risk of being held to have waived the new trial motion. While no case subsequently reported has imposed this sanction, the clear import of *Medical West Building Corp.* is that the new trial motion filed alternatively to the motion for judgment notwithstanding the verdict is waived if not ruled concurrently with the motion for judgment.

The necessity for conjunctive rulings on after-trial motions for judgment or for a new trial is the plain command of Rule 72.01, initially to conclude the trial court's jurisdiction and, secondly, to provide for contingent disposition of the new trial order

in a single appeal if the judgment is reversed. Even were there some basis to infer from reference by the trial court to plaintiff's contributory negligence "as a matter of law," that its intent was to enter judgment for respondents as appellant assumes, there yet remains the unruled new trial motion as a subject for additional speculation and conjecture for which the record is barren of any guide. Assumption on the authority of *Medical West Building Corp.* that respondents have waived the new trial motion is palpably unsound where the alternative motion for judgment is also unruled. Equally unacceptable is the choice between conditionally sustaining or overruling the new trial motion on an assumed course of action by the trial court which, to compound the problem, must be accompanied by a statement of grounds. Under this state of the record, long standing authority condemns the appeal as premature for want of a final judgment or appealable order and directs that the appeal be dismissed. *McCoy v. Simpson, et al.,* 344 Mo. 215, 125 S.W.2d 833 (Mo.1939).

In addition to the necessity for dismissal of this appeal on the procedural grounds of Rule 72.01, a further practical obstacle precludes entertainment of assumptions as to the trial court's intended rulings on the two motions.

Disputed issues of fact in this case were (a) respondents' negligence in failing to clear ice and snow from the stair, (b) plaintiff's contributory negligence in failing to exercise care for her own safety when the danger was perceived, and (c) the proximate cause of plaintiff's injury. Under conflicting evidence as to these fact questions, the nature of the order entered by the trial court determines the standard for appellate review.

■ Entry of judgment notwithstanding the verdict is equivalent to directing a verdict at the close of the evidence. On review, only evidence and inferences favorable to the party against whom the verdict was directed will be considered, evidence and inferences to the contrary being disregarded. *Millar v. Berg,* 316 S.W.2d 499, 503 (Mo.1958); *Dobbins v. Hupp,* 562 S.W.2d 736 (Mo.App.1978). A new trial if ordered may be for any good cause shown but must specify the grounds on which it is granted. Rule 78.03. If ordered because the verdict was against the weight of the evidence, review must sustain the trial court's order if there is substantial evidence to support a verdict for the party benefited, absent an abuse of the court's discretion. *State v. Klipsch,* 414 S.W.2d 783 (Mo.1967); *Kreutz v. Wolff,* 560 S.W.2d 271, 279 (Mo.App. 1977).

■ The phrase "contributory negligence as a matter of law" does not connote some inflexible standard which may be externally applied to conclude a case in favor of a defendant, but simply means that under the facts of a particular case, this affirmative defense has been successfully demonstrated by the evidence or by the weight of conflicting evidence. *Vanasse v. Plautz,* 538 S.W.2d 928 (Mo.App.1976).

Were we here to indulge in that speculation necessary to conclude by inference the rulings the trial court intended to make on the alternative motions, such speculation would not be limited to the rulings alone but would also require that a basis for each be ascribed and, in this process, the standard for appellate review would thereby be assigned. Usurpation of the trial court's decisional function, even in the interest of judicial economy, cannot be essayed, and we are required to hold, albeit reluctantly, that the absence of jurisdiction precludes consideration of appellant's appeal on the merits. Unless and until the trial court rules on the pending motions, its jurisdiction has not been exhausted and the appeal is premature.

For the reasons stated, the appeal is dismissed.

All concur.