SULLIVAN, APPELLANT, *v.* CONSOLIDATED RAIL CORPORATION, APPELLEE.

[Cite as Sullivan *v.* Consolidated Rail Corp. (1984), 9 Ohio St. 3d 105.]

(No. 83-282—Decided February 1, 1984.)

*Grieser, Schafer, Blumenstiel & Slane Co., L.P.A., Mr. C. Richard Grieser* and *Mr. Richard M. Huhn,* for appellant.

*Messrs. Porter, Wright, Morris & Arthur, Mr. Terrance M. Miller* and *Mr. Darrell R. Shepard,* for appellee.

HOLMES, J. This appeal presents two closely related issues to the court. First, whether a railroad may be found liable under the FELA for injuries to an employee of its wholly owned subsidiary corporation when the railroad did not possess the right to control the employee's actions. Second, whether an individual is precluded from seeking redress under the FELA when he has previously represented that he was employed by an employer covered by the Ohio Workers' Compensation Act and received benefits from the state insurance fund. The court of appeals found that appellant's injury was not compensable within the purview of the FELA as he was not an employee of the appellee railroad. We affirm.

In determining the first issue, this court is guided by the principles set forth by the United States Supreme Court in *Kelley* v. *Southern Pacific Co.* (1974), 419 U.S. 318. The relevant facts of *Kelley* are quite similar to those in the case *sub judice.* At the time of his accident, the petitioner in *Kelley* was employed by Pacific Motor Trucking Company, a wholly owned subsidiary of the Southern Pacific Company. The subsidiary was engaged in various trucking enterprises, primarily in conjunction with the railroad operations of its parent company. Supervisors employed by Pacific Motor controlled and directed the daily activities of its workers.

Initially, the Supreme Court stated that to satisfy the "while employed" clause of the FELA, a claimant must prove a master-servant relationship between him and the defendant railroad. See, also, *Robinson* v. *Baltimore & Ohio R.R. Co.* (1915), 237 U.S. 84; *Hull* v. *Philadelphia & Reading Ry. Co.* (1920), 252 U.S. 475; *Baker* v. *Texas & Pacific Ry. Co.* (1959), 359 U.S. 227.

The court further noted that:

"Under common-law principles, there are basically three methods by which a plaintiff can establish his 'employment' with a rail carrier for FELA purposes even while he is nominally employed by another. First, the employee could be serving as the borrowed servant of the railroad at the time of his injury. See Restatement (Second) of Agency § 227; *Linstead* v.

*Chesapeake & Ohio R. Co.,* 276 U.S. 28 (1928). Second, he could be deemed to be acting for two masters simultaneously. See Restatement § 226; *Williams* v. *Pennsylvania R. Co.,* 313 F. 2d 203, 209 (CA2 1963). Finally, he could be a subservant of a company that was in turn a servant of the railroad. See Restatement § 5(2); *Schroeder* v. *Pennsylvania R. Co.,* 397 F. 2d 452 (CA7 1968)." *Kelley, supra,* at 324.

Appellant contends that he satisfies the subservant category recognized in *Kelley.* However, for appellant to be a subservant, PTL must be a servant of the railroad, and appellant must be subject to the control of both PTL and appellee. Restatement of the Law, Agency 2d 21, Section 5(2).

We have no difficulty in determining from the record that PTL is an agent of its parent company. A finding of agency is not tantamount, however, to a finding of a master-servant relationship, as the traditional right to control test would be met only if it were shown that the role of the subsidiary company was that of a conventional common-law servant. *Kelley, supra.*

The record clearly demonstrates that appellee did not have the right to control the daily operations of PTL or its employees. The companies were sufficiently distinct in organization and responsibility. Employees of the railroad did not play a significant supervisory role in the loading and unloading of railroad cars. In fact, only in the rare absence of a PTL supervisor did appellee's employees control the activities of PTL employees. We believe the interaction between companies, in the main, rises only to the passing of information and coordination which is required in such a large operation.

We hold, therefore, that a railroad is not liable under the FELA for injuries to an employee of its wholly owned subsidiary corporation when the railroad did not possess the right to control the employee's action, but did control other aspects of the subsidiary's business.

We now address the issue of whether an individual is precluded from seeking redress under the FELA when he has previously represented that he was employed by an employer covered by this state's Workers' Compensation Act and received benefits from the state insurance fund. Today's decision specifically addresses the situation when a state claim is inconsistent with a claim made under the FELA.

Appellant seeks for this court to permit him to claim PTL as his employer under the state's Workers' Compensation Act and Consolidated Rail Corporation as his employer for purposes of recovery under the FELA. We cannot allow such an inconsistency.

We have found only one case which deals directly with the fact pattern as presented by the instant case. In *Thate* v. *Texas & Pacific Ry. Co.* (Tex. Civ. App. 1980), 595 S.W. 2d 591, the court concluded that when an individual elects to represent himself as an employee of a local company for purposes of recovering state workers' compensation, he is estopped from claiming that he was a railroad employee to recover under the provisions of the FELA.

When appellant chose to pursue his state remedy by designating PTL as his employer, he precluded himself from naming appellee as employer under his FELA claim. His choice was binding as this court cannot allow inconsistent claims under the respective state and federal statutes.

It is important to note that today's decision is not compelling an employee to elect between his federal remedy and an alternative state workers' compensation plan. We recognize that a majority of cases have held the payment and acceptance of compensation under a state workers' compensation Act does not preclude the maintenance of an action under the FELA by one engaged in interstate commerce within the Act. See, generally, Annotation, 6 A.L.R. 2d 581, and the cases cited therein. We are also fully aware that the federal Act is beyond state authority which, if exercised, would unduly interfere with the operation of the Act. *Erie R.R. Co.* v. *Winfield* (1917), 244 U.S. 170; *South Buffalo Ry. Co.* v. *Ahern* (1952), 344 U.S. 367. Our decision is merely requiring consistent claims to be presented by the claimant when seeking compensation under state and federal statutes.

Therefore, an individual is precluded from seeking redress under the FELA by claiming he is employed by a railroad when he has previously represented that he was under the employ of another entity covered by the Ohio Workers' Compensation Act and received benefits from the state insurance fund.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY and LOCHER, JJ., concur.

C. BROWN and J. P. CELEBREZZE, JJ., dissent.

CLIFFORD F. BROWN, J., dissenting. The decision reached by the majority affirms a summary judgment granted appellee at the trial level. I am dissenting from this decision because based on the facts and case law in this area I am firmly convinced that reasonable minds could differ on the outcome of this case. Therefore, it was improper for the trial court to enter summary judgment for the appellee.

*Kelley* v. *Southern Pacific Co.* (1974), 419 U.S. 318, forms the basis of the court's opinion. Upon closer examination it becomes evident that the case law which supported *Kelley*[1] and those cases which have since interpreted *Kelley*[2] point to a genuine question of fact as to the subservant relationship asserted by appellant. If appellant were afforded a trial these issues could be

---

[1] See, specifically, *Williams* v. *Pennsylvania R.R. Co.* (C.A. 2, 1963), 313 F. 2d 203; *Schroeder* v. *Pennsylvania R.R. Co.* (C.A. 7, 1968), 397 F. 2d 452.

[2] See, specifically, *Pellicioni* v. *Schuyler Packing Co.* (1976), 140 N.J. Super. 190, 356 A. 2d 4.

presented to the trier of fact and adequately addressed and answered by such trier.

The majority narrowly construes the test for a subservant, set forth in *Kelley* and the Restatement of the Law, Agency 2d, when they find that appellant was not subject to the control of both PTL and appellee. In this case, Conrail had the right to control the work activity of appellant in the loading and unloading of the railroad cars. It exercised this control whenever PTL supervisors were not present at the lowest levels of the decision making process and at many administrative levels even when PTL supervisors were present. This control is the key in the determination of whether appellant was a subservant of Conrail and it presents a factual question on which reasonable minds could differ. This makes the grant of summary judgment in a case such as this inappropriate.

As to the portion of the court's decision which discusses the inability of appellant to seek recovery from both the state insurance fund and the FELA under the two theories of employment, such an analysis is incorrect if appellant is indeed a servant and subservant of PTL and Conrail, respectively. Under such a finding appellant should be able to recover from FELA even though he received state workers' compensation benefits. The court even recognizes in its opinion that a majority of cases have allowed for just such compensation when an employee is engaged in interstate commerce.

There is present in this case a question as to the master-subservant relationship between appellee and appellant. This question is not the proper basis for a grant of summary judgment but should be afforded a complete trial before the trier of fact. I would, therefore, reverse the court of appeals and remand the case to the trial court.

J. P. CELEBREZZE, J., concurs in the foregoing dissenting opinion.