HELENE N. WHITE, Circuit Judge
(dissenting).
Because summary judgment was improperly granted on both the Title VII and FELA claims, I respectfully dissent. Fact issues remained whether Defendants CNCB and CNR reasonably responded to Zeller’s sexual harassment complaints. As for the FELA claim, Zeller presented evidence that CNR had a significant supervisory role over the means and manner .of her job performance, and summary judgment was thus improper.
I.
Zeller testified and presented documentary evidence that she was assaulted in May 2012, and subjected to sexually charged threats and intimidation by train-crew employees at the GTW rail yard from around May to mid-November 2012. Zeller informed her supervisor, CNCB’s Roger Wilson, in June 2012 that she was experiencing harassment at work. It is undisputed that Wilson did not report her complaint to anyone, in Human Resources or otherwise. Notably, CNR’s harassment policy does not require supervisors to report incidents of sexual harassment and thus is not an “effective” policy. See Clark v. UPS, Inc., 400 F.3d 341, 350-51 (6th Cir. 2005) (observing that an effective anti-harassment policy “should at least: (1) require supervisors to report incidents of sexual harassment; (2) permit both informal and formal complaints of harassment to be made; (3) provide a mechanism for bypassing a harassing supervisor when making a complaint; and (4) provide for training regarding the policy.”) (citations omitted).
On September 1, 2012, Zeller and several Stellar employees, including supervisor Jeffrey Caplinger, spoke about the broken door handle in the women’s bathroom in the GTW yard office, about which Zeller was upset. Zeller told Caplinger and others that in May of 2012, a railyard employee told her he wanted to have sex with her in the restroom. Caplinger informed Wilson of this when Wilson returned to work on Tuesday, September 4, 2012. Wilson discussed Zeller’s concerns with her on Thursday, September 6, and Zeller told Wilson that a man told her he wanted to have sex with her in the bathroom. Wilson alerted Peres da Silva, CNCB’s Vice President of Operations and CNR’s Senior Manager of Customs Brokerage Services, who wrote CNR’s Senior HR Manager *529 Susan Ward in Montreal of Zeller’s problems:
Need you [sic] assistance. Roger Wilson reports to me and he is the Manager for the US Brokerage. He was approached confidentially as he is one of the management staff on hand and advised about female employees being sexually harassed and obscene statements to female employees. [] The individual that has been harassing the female employees are CN Rail employees. Which HR Individual would Roger work with to get this addresse[d][.]
PID 6031-32, 6074.
CNR’s Ward coordinated with the HR department of Defendant ICRC and ICRC HR Associate Veronica Loewy spoke to Zeller on September 11. Zeller told Loewy that she did not see the face of the man who threatened her in May, but described him as a 6'10" white male and described his clothing in detail. Zeller told Loewy that he had said, “I want to fuck you in the bathroom.” Loewy interviewed eight individuals by phone; none could identify the man. On September 21, 2012, Loewy called Zeller and said she was unable to identify the harasser through investigation. Zeller said that she thought a camera- should be placed by the bathroom. PID 2306. Loewy said to call her if Zeller experienced any further issues. On October 1, Loewy sent a letter to Zeller, on CN letterhead, confirming the investigation was closed. PID 2203, 2307. Zeller testified that she was extremely upset when she received this letter.
A reasonable jury could conclude that Loewy’s “investigation” was woefully inadequate; she merely spoke to eight persons by phone and closed the investigation on October 1, 2012. Similarly, a reasonable jury could conclude that the “remedial measures” taken were too little too late. It was not until October 14, 2012, that CNCB made arrangements to ensure Zeller was not scheduled to work alone at any time, including on weekends. PID 2379-414, And it was Zeller herself who in late October brought a video camera to work to surveil the area where she parked her car at work. PID 2208. It was not until November 2012 that upgraded locks for the facility were purchased.
Under these circumstances, the adequacy and promptness of Loewy’s investigation and CNCB’s and CNR’s remedial measures were for a jury to determine.
II. FELA
Although not formally employed by rail carrier CNR, Zeller may establish a master-servant relationship sufficient to establish employment for purposes of FELA under the borrowed-servant and dual-servant theories. Kelley v. S. Pac. Co., 419 U.S. 318, 324, 95 S.Ct. 472, 42 L.Ed.2d 498 (1974). Where there is some evidence of a master-servant relationship, it is for a jury to determine whether a defendant railroad is a plaintiffs employer under FELA. Baker v. Texas & Pac. Ry. Co., 359 U.S. 227, 229, 79 S.Ct. 664, 3 L.Ed.2d 756 (1959). Supervision and control by the railroad is entitled to great weight in considering whether the railroad may be deemed a plaintiffs employer. Campbell v. BNSF Ry. Co., 600 F.3d 667 (6th Cir. 2010).
To establish control for purposes of the “borrowed servant” or “dual servant” theories, Zeller must show that CNR had a significant supervisory role over the means and manner of her job performance—control or right to control. Kelley, 419 U.S. at 325-26, 95 S.Ct. 472; see also Baker, 359 U.S. 227, 228-29, 79 S.Ct. 664 (plaintiff was performing track maintenance task under direct supervision of railroad’s track supervisor); Cimorelli v. New York Central R. Co., 148 F.2d 575 (6th Cir. 1945) (plain *530 tiff's employer and railroad had contract under which railroad retained control over conduct of plaintiff's employer’s operations at location at issue).
Zeller presented sufficient evidence of CNR’s control or right to control her job performance to survive summary judgment. CNR admitted that “Senior Manager, Alice Peres da Silva, a CNR employee, oversees” CNCB’s daily operations. PID 6333-34/CNR Answers to Plaintiffs First Set of Interrogatories. That Da Silva oversaw CNCB employees is also evidenced by her email to CNR’s Senior Human Resources Manager Susan Ward regarding Zeller’s complaints, which stated that CNCB’s Roger Wilson, Zeller’s direct supervisor, “reports” to da Silva, and da Silva’s testimony that she visited the Port Huron office regularly to manage and oversee CNCB’s operation. In addition, CNR’s Da Silva hired Zeller, extending an offer of employment to Zeller in a letter on CNCB letterhead, PID 2310-11, and Da Silva responded to Zeller’s complaints of harassment by reporting them to CNR’s Senior H.R. Manager Susan Ward, who coordinated the investigation. Ward testified that CNR had the responsibility to assure that Zeller had a safe workplace. PID 6491-92. Da Silva instructed Zeller after conferring with CNR’s Human Resources department as to specific protocol CNR wanted Zeller to follow should future incidents of harassment occur. PID 6291.
Employees of CNCB (and all CNR’s U.S. subsidiaries and indirect subsidiaries) are governed by the “CN Worldwide Associate Handbook,”[1] which addresses workplace policies, access to personnel files, attendance and punctuality, corrective action, promotion and transfers, performance appraisals, leave requirements, and ADA, FMLA, and EEO policies, among other things. PID 2249. All of CNR’s U.S. subsidiaries are overseen by ICRC’s General Counsel Novak, who testified that there was one code of business conduct that applies to the entities that operate as CN in the U.S. and Canada. PID 6709-10. Finally, both Stellar and CNCB admitted using the CN logo. PID 6363, 6373 (responses to interrogatory).
Given this evidence, the district court improperly found that the sole connection between CNR and CNCB is that CNCB asked CNR to assist in finding someone to investigate Zeller’s concerns on CNCB’s behalf because it temporarily had no human resources personnel. PID 7542. Zeller presented evidence sufficient to create a fact issue regarding whether CNR had a significant supervisory role over the means and manner of Zeller’s job performance. Baker, 359 U.S. at 229, 79 S.Ct. 664.

. CNR supported its motion for summary judgment with this Handbook.