**L. M. THORNTON, Plaintiff,**

v.

**NORFOLK & WESTERN RAILWAY COMPANY, Defendant.**

Civ. A. No. 295–69–N.

United States District Court
E. D. Virginia,
Norfolk Division.

Nov. 28, 1969.

Sidney H. Kelsey, Norfolk, Va., for plaintiff.

Jack E. Greer, Norfolk, Va., for defendant.

## MEMORANDUM ORDER

KELLAM, District Judge.

Plaintiff alleges jurisdiction in this Court under the provisions of 45 U.S. C.A. § 51 etc., the Federal Employers' Liability Act. He alleges he is an employee of Lambert's Point Docks, Inc. (Lambert's) an "assembly and redistribution depot for railroad cargo of defendant;" that Lambert's "performs operational activities and railway functions of the defendant * * * in the handling of its railroad cars, including the loading and unloading of cargo from said railroad cars * * * and such company, in law, is an adjunct and agent of defendant." He further alleges that at the time of his injury, plaintiff "was assisting in the loading of a railroad car, belonging to, or under the control * * * of defendant," and that "defendant, through its agent, Lambert's * * * furnished a steel shoe connecting the railroad car with the raised floor of the terminal;" that plaintiff's injuries were "caused by the negligence and wrongdoing on the part of the defendant railway and its agent." Railway filed a motion to dismiss for lack of jurisdiction, asserting plaintiff was not its employee within the meaning of the Federal Employers' Liability Act. With its motion the Railway filed exhibits and other supporting information. In opposition, plaintiff filed an affidavit asserting that the docks upon which the accident occurred have tracks of railway built therein to handle freight of Railway; that the business of Lambert's is "to act and be a warehouse and assembly area for redistribution, assembly and shipment of Norfolk & Western Railway cargo;" that at the time of injury, plaintiff was "working on a railroad car which had been brought in to Lambert's * * * by defendant * * * and which car * * * was taken away with its cargo" by defendant; that Lambert's has a service agreement with Railway "for the loading and unloading of railroad cars which the railroad brings onto Lambert's" and that the movement of cargo in and out of Lambert's is "under the sole control of defendant;" that the business of Lambert's "is to engage in operational activity" of the Railway "by loading and unloading its cars through the use of plaintiff and other employees."

The Federal Employers' Liability Act "does not use the terms 'employee' and

'employed' in any special sense * * * so that the familiar general legal problems as to whose 'employee' or 'servant' a worker is at a given time present themselves as matters of federal law under the Act." Baker v. Texas & Pacific Railway Co., 359 U.S. 227, 79 S.Ct. 664, 3 L.Ed.2d 756. In that case Nichols Company had a contract to perform work along the right of way for Railway. Baker was Nichols' employee. Baker was struck and killed by a railway train and sought recovery under the Federal Employers' Liability Act. Baker contended he was an employee of the railway under said Act. Railway contended otherwise. In reversing the trial court for directing a verdict, the Court said "we think it perfectly plain that the questions, like that of fault or of causation under the Act, contains factual elements such as to make it one for the jury under appropriate instructions as to the various relevant factors under law."

In Smith v. Norfolk and Western Railway Company, 407 F.2d 501 (4th Cir. 1969), cert. denied 395 U.S. 979, 89 S.Ct. 2134, 23 L.Ed.2d 767, it was pointed out that while the Act applies to any employee of a carrier, "it is settled that its protection extends in some circumstances to those injured workers not directly employed by the railroad," and where an "injured worker is employed by an agent or adjunct of the railroad he will be treated as an employee of the railroad for purposes of the Act." Here, Thornton asserts his place of employment was an assembly and redistribution point of the railroad in the shipping of cargo; that he performed operational activities and railway functions of defendant, and as an adjunct and agent for defendant; and that his immediate employer, Lambert's, had a service agreement with defendant for the loading and unloading of railroad cars which defendant brought to the docks. In the *Smith* case, supra, Smith was not an employee of the railroad, but "was employed by the company held to be performing railroad functions." Thornton says he too was employed by a company which was "performing railroad functions."

The facts in this case are quite different from those in Ruffin, Administratrix v. Norfolk and Western Railway Company, et al., Civil Action No. 7032–N, decided by Judge MacKenzie July 14, 1969.

In keeping with Baker v. Texas & Pacific Railway Company, supra, the case "contains factual elements such as to make it one for the jury" as to whether plaintiff was an employee of the railway within the meaning of the Act. The motion will therefore be denied.