**Eugene C. KELLEY, Appellee,**

**v.**

**SOUTHERN PACIFIC COMPANY, a corporation, Appellant.**

**No. 71-2262.**

United States Court of Appeals, Ninth Circuit.

Sept. 7, 1973.

Donald O. Roy (argued), John J. Corrigan, San Francisco, Cal., for appellant.

R. Jay Engel, San Francisco, Cal., for appellee.

Before HASTIE,* BROWNING and WRIGHT, Circuit Judges.

HASTIE, Circuit Judge.

This is an appeal by Southern Pacific Co., a railroad, from a money judgment recovered by Eugene Kelley, a workman, in an action for negligent injury under the Federal Employers' Liability Act, 45 U.S.C. § 51 et seq.

The only matter in dispute is whether the relationship between Kelley and Southern Pacific was such as to bring the tort in suit within the coverage of the F.E.L.A. By agreement of the parties, the issues, factual as well as legal, upon which liability depended were tried to the district court without a jury. After an evidentiary hearing the court entered findings of fact and conclusions of law and imposed liability on the railroad.

The controlling language of the F.E.L.A. makes a "common carrier by railroad . . . liable in damages to any person suffering injury [as a result of the railroad's negligence] while he is employed by such carrier . . . ." The disputed question here is whether Kelley was "employed by" Southern Pacific within the meaning of the statute.

Kelley was seriously injured while he was engaged in unloading automobiles from a Southern Pacific tri-level flat car after the arrival of the shipment at its San Francisco destination. In the language of the district court's finding of fact, amply supported by the evidence: "Plaintiff and the three men he was working with at the time of his fall were hired, paid by and could be discharged by Pacific Motor Trucking Company and were in the employment of Pacific Motor Trucking Company".[1] That company is a motor common carrier that operates over 15,000 route miles in the western states. Although all of its stock is owned by Southern Pacific, the Trucking Company functions as a distinct entity. Neither in the district court nor on this appeal has a case been made for piercing the corporate veil and disregarding the separate legal and functional identity of the Trucking Company. *Cf.* Fawcett v. Missouri Pac. R. R., W.D.La.1965, 242 F.Supp. 675, aff'd. per curiam 5th Cir. 1965, 347 F.2d 233, cert. denied 382 U.S. 907, 86 S.Ct. 242, 15 L.Ed.2d 159.

The relevant Southern Pacific tariff enabled a shipper of new automobiles by rail to take delivery either before or after the "grounding" of the automobiles. In this case the shipper had elected to have the automobiles grounded before delivery and had paid Southern Pacific a standard added charge for this unloading service.

The Trucking Company contracted with Southern Pacific to perform for specified unit prices such unloading of automobiles from railway cars as the railroad should require. Thus, in the unloading operation, Kelley was both performing his normal work for and assigned to him by his regular employer, the Trucking Company, and at the same time enabling the railroad to discharge its contractual responsibility to the shipper. Appropriately, Kelley was a member of the Teamsters union and not of one of the railroad craft unions.

As stated above, the district court explicitly found that Kelley was an employee of the Trucking Company. Moreover, after considering the evidence on control and supervision, the court declined to make a finding proposed by the plaintiff that Kelley was an employee of Southern Pacific. Thus, the court did not find or proceed on the basis that Kelley was either a borrowed servant, temporarily in the employment of Southern Pacific, or that he was a servant in the employ of both companies. Rather,

---

* The Honorable William H. Hastie, senior United States Circuit Judge of the Third Circuit, sitting by designation.

1. As a result of the accident Kelley had applied for and was awarded as a Trucking Company employee, full workmen's compensation benefits for total disability.

the court adopted a special concept of "employment" for F.E.L.A. purposes that has found favor with the Court of Appeals for the Fourth Circuit in a case that is not significantly different from this case. Smith v. Norfolk & W. Ry., 4th Cir. 1969, 407 F.2d 501.

The district court reasoned, adopting the Fourth Circuit analysis, that, under its contract with the shipper, the railroad was legally obligated to have the automobiles unloaded from its cars and that in performing that work the "employees of Pacific Motor Trucking Company . . . were acting as agents of Southern Pacific Company", This led to the court's conclusion of law that "[a]t the time and place of this accident the work being performed by Eugene C. Kelley involved a non-delegable duty on the Southern Pacific Company which brought plaintiff within the traditional agency relationship to Southern Pacific Company and in such relationship to Southern Pacific Company as to be covered by the Federal Employers' Liability Act". Thus, the district court, not persuaded by the evidence that Kelley was a servant or an employee of Southern Pacific in common law conception, concluded that the "agency relation" which resulted from Southern Pacific's contracting with Kelley's employer to perform Southern Pacific's "non-delegable" contractual duty to its shipper sufficed to bring Kelley's status vis-à-vis the railroad within the F.E.L.A.

■ Our difficulty with this analysis begins with what the Supreme Court said in the leading case of Baker v. Texas & Pac. Ry., 1959, 359 U.S. 227, 228, 79 S.Ct. 664, 665, 3 L.Ed.2d 756

"The Federal Employers' Liability Act does not use the terms 'employee' and 'employed' in any special sense, Robinson v. Baltimore & Ohio R. Co., 237 U.S. 84, 94, 35 S.Ct. 491, 494, 59 L.Ed. 849, so that the familiar general legal problems as to whose 'employee' or 'servant' a worker is at a given time present themselves as matters of federal law under the Act."

Thus, the F.E.L.A. is applicable only when a common law master-servant relationship exists between the railroad and the person injured by its negligence. The relationship of principal and agent, which the court as trier of fact found and upon which it relied in this case does not suffice.

■ We are reinforced in this view by consideration that, apart from the *Smith* case in the Fourth Circuit, considered decisions in this circuit and elsewhere have rejected the contention that employees of a contractor, engaged by a railroad to perform work that is the railroad's responsibility, become railroad employees *ipso facto*. Dougall v. Spokane, P. & S. Ry., 9th Cir., 1953, 207 F.2d 843 (right of way maintenance work); Norman v. Spokane, P. & S. Ry., D.Ore.1950, 101 F.Supp. 350, aff'd. *per curiam* "for the reason given in the district court's opinion", 9th Cir. 1951, 192 F.2d 1020 (railroad bridge repair); Tarboro v. Reading Co., 3d Cir. 1968, 396 F.2d 941 (unloading coal cars); Turpin v. Chicago, B. & O. Ry., Mo.1966, 403 S.W.2d 233, cert. denied, 384 U.S. 1003, 86 S.Ct. 1925, 16 L.Ed.2d 1015 (unloading flat cars).

It also merits mention that years ago Congress considered and rejected a proposal to include companies that provide railroad accessorial services under the F.E.L.A. In 1939, Congress amended the F.E.L.A., 53 Stat. 1404, and in the process considered various proposals. One proposal would have extended coverage to suppliers of accessorial services and their employees. Its rejection, after extensive committee hearings, was announced by the Senate Judiciary Committee in reporting the bill that ultimately passed:

"The bill as introduced was intended to broaden the application of the act to include express, freight forwarding and sleeping-car companies. Upon the hearings it was clearly shown that there is neither necessity nor demand for the inclusion of these companies in the act. Therefore, they

have been excluded from the substitute." S.Rep. No. 661, 76th Cong., 1st Sess.

The result which Congress deemed undesirable and, therefore, refused to legislate directly, should not, in our view, be achieved judicially by treating employees of contractors rendering accessorial services as if they were employees of the railroad when common law analysis has failed to yield that conclusion.

The judgment is reversed.