**Paul Alvin HEBERT,
Plaintiff-Appellant,**

v.

**SOUTHERN PACIFIC TRANSPORTATION COMPANY, Defendant-Appellee.**

**No. 74–3296.**

United States Court of Appeals,
Fifth Circuit.

Feb. 6, 1976.
Rehearing and Rehearing En Banc
Denied March 10, 1976.

J. Michael Cumberland, New Orleans, La., for plaintiff-appellant.

George A. Kimball, Jr., Peter Frank Liberto, New Orleans, La., for defendant-appellee.

Before WISDOM, CLARK and RONEY, Circuit Judges:

PER CURIAM:

In this action under the Federal Employers' Liability Act (FELA), 45 U.S.C. §§ 51–60, plaintiff Hebert appeals from the grant of the defendant railroad's motion for summary judgment. The injury which is the basis of this suit occurred when Hebert was unloading piggyback trailers from a railroad car. At the time of the accident, Hebert was employed by Southern Pacific Transport Company, a wholly owned subsidiary of the railroad.

Under the FELA, a covered railroad is liable for negligently causing the injury or death of any person "while he is employed" by the railroad. 45 U.S.C. § 51. Convinced that Hebert was not an employee of the railroad within the meaning of the Act, the district court held the FELA inapplicable and granted summary judgment for the railroad. The court's memorandum decision relied heavily on the reasoning and test employed by the Ninth Circuit in *Kelley v. Southern Pacific Co.*, 486 F.2d 1084 (9th Cir. 1973), a case factually similar to the case at bar.[1] In so doing, the district court rejected the more liberal approach taken by the Fourth Circuit in *Smith v. Norfolk & W. Ry.*, 407 F.2d 501 (4th Cir.), *cert. denied*, 395 U.S. 979, 89 S.Ct. 2134, 23 L.Ed.2d 767 (1969). During pendency of this appeal, the United States Supreme Court resolved the apparent conflict in the circuits and approved the approach of the Ninth Circuit. *Kelley v. Southern Pacific Co.*, 419 U.S. 318, 95 S.Ct. 472, 42 L.Ed.2d 498 (1974). In a lengthy opinion by Justice Marshall, the Court clarified and elaborated upon the proper test and ordered *Kelley* remanded to the district court to enable it to correctly apply the facts of that case to the test therein enunciated.

In the case *sub judice*, there is no necessity for a remand. The district court accurately forecast the law and correctly applied the now-affirmed standard to the undisputed facts of this case.

Affirmed.

---

1. The court also cited our summary affirmance in *Fawcett v. Missouri Pac. R.R.*, 347 F.2d 233 (5th Cir.), *cert. denied*, 382 U.S. 907, 86 S.Ct. 242, 15 L.Ed.2d 159 (1965), as consistent with the views enunciated in the Ninth Circuit's *Kelley* decision.