No. 75–6839.   HEBERT *v.* SOUTHERN PACIFIC TRANSPORTA-
TION Co.   C. A. 5th Cir.   Certiorari denied.

MR. JUSTICE BLACKMUN, with whom MR. JUSTICE BRENNAN
joins, dissenting.

Petitioner Hebert instituted this suit under the Federal
Employers' Liability Act (FELA), 35 Stat. 65, as amended,
45 U. S. C. §§ 51–60.   He allegedly sustained disabling in-
juries in a fall while at work in 1969.   Respondent-defendant
Southern Pacific Transportation Company, a common car-
rier by rail, filed a motion for summary judgment on the
ground that Hebert was not "employed by such carrier,"
within the liability-imposing language of § 51.   The District
Court, relying specifically on *Kelley* v. *Southern Pacific Co.,*
486 F. 2d 1084 (CA9 1973), and despite the then-outstand-
ing grant of certiorari in that case by this Court, 416 U. S.
935 (1974), sustained the motion.   It held that at the time
of his injury petitioner Hebert was an employee of Southern
Pacific Transport Company, a trucking company wholly
owned by the respondent railroad, and was not an employee
of the respondent, and that *Kelley* "appears to be on all
fours" with Hebert's case.

*Kelley,* however, as decided by the Ninth Circuit and as
so relied on by the District Court, did not survive unscathed.
This Court thereafter vacated the judgment of the Ninth
Circuit and sent the case back "with instructions to remand
the case to the District Court for further findings in accord-
ance with this opinion."   419 U. S. 318, 332 (1974).   Al-
though I dissented from the Court's opinion, *id.,* at 341, as
did Mr. Justice Douglas and MR. JUSTICE BRENNAN, *id.,* at
333,[1] the Court in *Kelley* appears to have set forth stand-
ards for the trier of fact to apply in determining whether
an injured plaintiff, although technically employed by the
carrier's wholly owned trucking company, is nevertheless en-

---

[1] MR. JUSTICE STEWART concurred in the judgment.   419 U. S., at 332.

titled to coverage under the FELA. The Court concluded that the District Court in Kelley's case had applied erroneous standards and that the Court of Appeals should have remanded and not reversed. As I read the Court's opinion, it determined that what was dispositive in a situation of this kind was whether a master-servant relationship existed between the defendant railroad and the claimant, *id.*, at 323, and that the resolution of this issue ultimately depended on the employer's control or right to control the conduct of the claimant-employee. The Court, in elaboration, set forth three methods by which employment for FELA purposes could be established.[2]

The interesting and significant fact is that upon the remand to the District Court claimant Kelley *prevailed* under the subservant theory approved by this Court. The trial court found that the unloading operation "was the responsibility" of the railroad; that the carrier "supplied the necessary ramps and working area"; that its employees were required to check safety aspects daily and "to make all necessary repairs"; that the railroad "had the right to control the physical conduct of the [trucking company's] employees"; that the trucking company "was acting as the servant" of the carrier "when performing the unloading operations"; and that Kelley "was in fact a subservant of a servant" of the carrier when he was injured. The trial court then concluded that Kelley was covered by the FELA. See File No. C–45344 AJZ (ND Cal.), order entered Sept. 3, 1975.[3]

---

[2] "First, the employee could be serving as the borrowed servant of the railroad at the time of his injury. . . . Second, he could be deemed to be acting for two masters simultaneously. . . . Finally, he could be a subservant of a company that was in turn a servant of the railroad." *Id.,* at 324.

[3] The District Court's decision was appealed to the United States Court of Appeals for the Ninth Circuit, but the appeal was later dismissed pursuant to Fed. Rule App. Proc. 42 (b). *Kelley* v. *Southern Pacific Co.,* No. 75–3818, order entered Aug. 18, 1976. This voluntary dismissal means,

In petitioner Hebert's case, the District Court made its findings *prior* to this Court's *Kelley* decision and, in so doing, regarded as "[d]irectly on point" and as "on all fours" the very ruling of the Court of Appeals in *Kelley* that thereafter was vacated by this Court. And on that remand the injured claimant has prevailed.

It is true, of course, that the Court of Appeals (but not the District Court) in the present case had before it the precedent of this Court's decision in *Kelley*. It said that this Court "approved the approach of the Ninth Circuit," rather than the "more liberal approach taken by the Fourth Circuit in *Smith* v. *Norfolk & W. Ry.*, 407 F. 2d 501 (4th Cir.), cert. denied, 395 U. S. 979," and that "there is no necessity for a remand" because the trial court "accurately forecast the law and correctly applied the now-affirmed standard to the undisputed facts of this case." 526 F. 2d 936, 937 (CA5 1976). I read the District Court's findings, however, as directly focused on the technical employment of Hebert by the trucking company. But that technical employment proved not to be sufficient and dispositive in *Kelley*.

I cannot equate a trial court's flat reliance on a Court of Appeals opinion subsequently discredited by this Court as an end to the matter. It seems to me that Hebert, like Kelley, is entitled to have the trial court consider his employment relationship to the respondent carrier in the light of the standards enunciated by this Court in its subsequent *Kelley* decision, untainted by other standards that it thought were controlling and that were thereafter held to be incorrect. To deny Hebert what Kelley received is to do him a judicial injustice. It may be that on remand Hebert would not prevail. In my view, however, he is entitled to the opportunity to make his case.

---

of course, that Kelley finally recovered under the criteria set out in this Court's opinion.

I, therefore, dissent from the denial of certiorari. I would grant the petition, vacate the judgment, and remand the case to the United States Court of Appeals for the Fifth Circuit, with directions to remand to the United States District Court for the Eastern District of Louisiana for reconsideration in light of the intervening decision in *Kelley* v. *Southern Pacific Co.*, 419 U. S. 318 (1974).