**UNITED STATES of America, Plaintiff,**

v.

**Gerald A. DUCHENE, Defendant.**

**Civ. No. 84–823–E.**

United States District Court, S.D. Iowa, C.D.

Oct. 29, 1985.

Jerry L. Jones, VA Staff Atty., Des Moines, Iowa, for plaintiff.

Gerald A. Duchene, pro se.

ORDER

DONALD E. O'BRIEN, Chief Judge.

This is an action in which the plaintiff, United States of America, seeks to recover an overpayment of Veterans Administration educational benefits. Plaintiff filed a motion for summary judgment on June 26, 1985.

As a courtesy to the defendant, this Court entered an order dated July 29, 1985 granting the defendant an additional ten days to respond. As a further courtesy to the defendant, this Court entered a second order dated September 19, 1985, calling the defendant's attention to Local Rule 2.2.6, which requires a resistance to such a motion. In this second order, the Court gave the defendant an additional ten days within which to file a resistance. No resistance has been filed by the defendant. Therefore, the Court will consider the plaintiff's motion for summary judgment without input from the defendant pursuant to the Court's order of September 19, 1985.

Federal Rule of Civil Procedure 56(e) states in part as follows:

> An adverse party ... must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

The Court will now consider the pleadings filed in this case to determine whether summary judgment is appropriate.

The defendant received Veterans Administration educational benefits from June 21, 1981 through August 31, 1981, at the rate of $493.00 per month. The defendant was enrolled in the food dispensing technology

program at South Seattle Community College. Subsequently, the college informed the Veterans Administration that the defendant had terminated his course on July 16, 1981, and received nonpunitive grades. The defendant did not file an appeal or request for waiver of the debt, and has not repaid any amount of the debt.

The benefits defendant applied for and received are provided for by statute, 38 U.S.C. §§ 1651–1686, 1770–1799. Section 1780(a) provides:

(a) Payment of educational assistance or subsistence allowances to eligible veterans or eligible persons pursuing a program of education or training, other than a program by correspondence, in an educational institution under chapter 31, 34, or 35 of this title shall be paid as provided in this section and, as applicable, in section 1508, 1682, 1691, or 1732 of this title. Such payments shall be paid only for the period of such veteran's or person's enrollment in, and pursuit of, such program. . . .

Implementing regulations are codified at 38 C.F.R. §§ 21.1020–21.4507. The particular provision controlling § 21.4135(e) provides:

(e) Course discontinued; course interrupted; course terminated; course not satisfactorily completed or withdrawn from (sections 21.4136 and 21.4137).

(1) If the individual withdraws from all courses or receives all nonpunitive grades and in either case there are no mitigating circumstances as provided in section 21.4136(k) or 21.4137(h), benefits will be terminated or reduced effective first date of the term in which the withdrawal occurs or the term for which the grades are assigned or December 1, 1976, whichever is the later.

(2) If the individual withdraws from all other courses other than courses in paragraph (e)(3) of this section and with mitigating circumstances, as provided in section 21.4136(k) or 21.4137(h), or withdraws from all course such that a punitive grade is or will be assigned for those courses:

(i) residence training: last date of attendance.

(ii) independent study: official date of change of status under the practices of the institution.

The affidavits accompanying plaintiff's motion for summary judgment demonstrate that the defendant received nonpunitive grades for the summer term beginning June 22, 1981. Thus, 38 C.F.R. § 21.-4135(e)(i) requires termination effective the first day of the term, which was June 22, 1981. This resulted in an overpayment of $1,117.47. In the complaint the plaintiff prays for this amount, together with prejudgment interest and administrative costs pursuant to 38 U.S.C. § 3115, plus interest from the date of judgment and costs of suit.

Under Fed.R.Civ.P. 56(c), summary judgment should not be entered unless the moving party has established its right to a judgment with such clarity as to leave no room for controversy and unless the other party is not entitled to recover under any discernible circumstances. *Bradsher v. Missouri Pacific Railroad*, 679 F.2d 1253, 1256 (8th Cir.1982). Having considered all the pleadings and affidavits filed in this action, the Court decides that the plaintiff's motion for summary judgment should be granted.

IT IS THEREFORE ORDERED that plaintiff's motion for summary judgment is hereby granted.

IT IS FURTHER ORDERED that plaintiff is awarded the principal balance of $1,117.47, prejudgment interest from November 3, 1983 amounting to $340.96, and administrative costs of $15.99.

IT IS FURTHER ORDERED that the plaintiff is hereby awarded interest from the date of judgment and the costs of suit.