**Gregory SMOOT, Plaintiff,**

v.

**The NEW YORK SUSQUEHANNA AND WESTERN RAILWAY CORPORATION, Defendant, Delaware Otsego Corporation, Second Defendant.**

No. 86–CV–1276.

United States District Court, N.D. New York.

March 15, 1989.

---

McClung, Peters and Simon, Albany, N.Y., for plaintiff (Lynda S. Doud, of counsel).

Francis E. Lehner, Albany, N.Y., for defendants (Edward E. Fassett, Jr., of counsel).

## MEMORANDUM–DECISION
## and ORDER

JAMES T. FOLEY, Senior District Judge.

The Plaintiff, Gregory Smoot, was injured on October 2, 1986, when he jumped from a ballast regulator that he was operating just before it collided with a stone train on the tracks of the New York Susquehanna and Western Railway Corporation, (NYS & W), near Ogdensburg, New Jersey. At the time of the accident, plaintiff was an employee on the payroll of Timothy E. Wilsey, General Contractor, Inc., (Wilsey), an Oneonta, New York Company. The Wilsey Company had a General Contract with NYS & W for fabrication and carpentry work in regard to railroad rehabilitation in accord with the plans and specification of the railroad engineering department.

This action under the Federal Employers' Liability Act (FELA) seeking substantial money damages for personal injuries was filed in this district court on October 23, 1986, for plaintiff Smoot by his retained law firm, McClung, Peters and Simon. On December 12, 1986, plaintiff Smoot after he was denied benefits by the Railroad Retirement Board filed a claim for compensation with the New York State Workers' Compensation Board. The plaintiff retained a licensed Workers' representative to represent him in those proceedings. In this FELA action, NYS & W dismissed voluntarily a third party claim against Wilsey by Notice dated September 10, 1987. The third party action was based on a contract between NYS & W and Wilsey, in which allegedly by its terms Wilsey agreed to indemnify, hold harmless and defend against all claims asserted against NYS & W. Attorney Lehner who originally filed an Answer for Second Defendant Delaware Otsego Corporation now by substitution represents both railroad defendants.

As attorney for both defendants, Attorney Lehner filed a motion for summary judgment in their favor under F.R.Civ.P. 56

for an order dismissing the complaint. The five stated grounds for the motion are that there is no genuine issue as to any material fact; the defendants are entitled to judgment as a matter of law; at the time of his injury, plaintiff was an employee of an independent contractor; as such an employee plaintiff is not eligible for FELA coverage; and plaintiff is estopped from pursuing this FELA action inasmuch as he has received in a proceeding still continuing $13,000.00 in New York State Workers' Compensation benefits from his employer Wilsey. The plaintiff, in a substantial submission, opposes the motion contending that there are factual issues present that under settled law are usually for a jury to decide.

In a situation of dual employment of this kind, the United States Supreme Court in *Kelley v. Southern Pacific Railroad Co.,* 419 U.S. 318, 95 S.Ct. 472, 42 L.Ed.2d 498 (1974), at pg. 324, 95 S.Ct. at 476 laid down the principles to be applied:

> Under common-law principles, there are basically three methods by which a plaintiff can establish his "employment" with a rail carrier for FELA purposes even while he is nominally employed by another. First, the employee could be serving as the borrowed servant of the railroad at the time of his injury. *See* Restatement (Second) of Agency Section 227; *Linstead v. Chesapeake & Ohio R. Co.,* 276 U.S. 28 [48 S.Ct. 241, 72 L.Ed. 453] (1928). Second, he could be deemed to be acting for two masters simultaneously. *See* Restatement Section 226; *Williams v. Pennsylvania R. Co.,* 313 F.2d 203, 209 (C.A.2 1963). Finally he could be a subservant of a company that was in turn a servant of the railroad. *See* Restatement Section 5(2); *Schroeder v. Pennsylvania R. Co.,* 397 F.2d 452 (C.A.7 1968).

It is interesting to note that plaintiff Kelley had received workmen's compensation benefits from his trucking company employer (*Kelley* at p. 321, 95 S.Ct. at 474) but after the remand prevailed in his FELA action against Southern Pacific. *See Herbert v. Southern Pacific Transportation*

*Co.,* 429 U.S. 904, 97 S.Ct. 270, 50 L.Ed.2d 187 (1976) (Blackmun J., dissenting).

▮ The facts of this *Smoot* situation fit comfortably as ones with genuine factual issues that would not warrant summary judgment under the established and clear principles of *Kelley*. Despite the nominal employment of plaintiff Smoot by Wilsey, there is much developed in the substantial depositions of material witnesses submitted for the plaintiff that tend to support substantial control and supervision of his work previous to and at the time of the accident solely by railroad personnel. The ballast regulator belonged to NYS & W and was being operated on its tracks at the time of the collision by Smoot for railroad purposes. The law is well settled that when such factual disputes are present, as previously noted, their determination is for a jury. *See Baker v. Texas & Pacific Railway Co.,* 359 U.S. 227, 228, 79 S.Ct. 664, 665, 3 L.Ed.2d 756 (1959); *Lindsey v. Nashville R.R. Co.,* 775 F.2d 1322 (5th Cir. 1985); *Vanskike v. AFC Industries, Inc.,* 665 F.2d 188, at 198–199 (8th Cir.1981), Cert. denied 455 U.S. 1000, 102 S.Ct. 1632, 71 L.Ed.2d 867 (1982); *Bradsher v. Missouri Pacific R.R.,* 679 F.2d 1253 (8th Cir. 1982).

▮ On the return day of the motion by the defendants, February 21, 1989, I expressed concern that the defendants cited a Second Circuit case, *Heagney v. Brooklyn Eastern District Terminal,* 190 F.2d 976 (2d Cir.1951), Cert. denied 342 U.S. 920, 72 S.Ct. 367, 96 L.Ed. 688 (1952). That case upheld a summary judgment dismissal of the plaintiff's FELA action by the district court that ruled that the plaintiff waived his FELA claim by acceptance of awards under the New York State Workmen's Compensation Law. My concern was that this ruling of the Second Circuit might be binding in ruling on the FELA claim herein. At my request, a supplemental affidavit in opposition and memorandum of law was filed by plaintiff's counsel Lynda S. Doud. A reasoned and careful analysis of *Heagney* and other cases in this supplemental briefing puts to rest my concern and demonstrates that the reliance of the defendants upon that case is misplaced. It is made clear that in *Heagney* and in

**632**

South Buffalo R.R. Co. v. Ahern, 344 U.S. 367, 73 S.Ct. 340, 97 L.Ed. 395 (1953), the claim for compensation benefits were made directly against the railroad. In this *Smoot* action, as envisioned in *Kelley*, at p. 324, 95 S.Ct. at 476, a worker can have more than one employer at the time of the accident. Even in pre-*Kelley* cases, the determination of the conventional relationship of master and servant in these situations is dependent to a great degree upon the manner in which the work is to be done, and the ascertainment of whose work was being performed at the time of the injury. *Stevenson v. Lake Terminal R. Co.*, 42 F.2d 357, 358–359 (6th Cir.1930). The obligation of Wilsey to obtain protective insurance for NYS & W in regard to Wilsey employees doing railroad work is a significant factor in the determination of an existing master-servant relationship. *See Schroeder v. Pennsylvania R.R. Co.*, 397 F.2d 452, 455–56 (7th Cir.1968). Plaintiff Smoot in straight forward manner asserted his compensation claim against Wilsey and his separate and independent action against the defendant railroads under the Federal Employers' Liability Act. Another case relied upon by the defendants, *Barrera v. Roscoe, Snyder & Pacific Railway Co.*, 385 F.Supp. 455 (N.D.Texas 1973), affirmed 503 F.2d 1058 (5th Cir.1974), Cert. denied 420 U.S. 1004, 95 S.Ct. 1446, 43 L.Ed.2d 762 (1975), that found estoppel by virtue of a successful assertion of a workmen's compensation claim is persuasively faulted in such reasoning in *DeShong v. Seaboard Coast Line R. Co.*, 737 F.2d 1520, at 1523–1524 (11th Cir.1984).

It is evident without question that factual disputes are present and under settled law summary judgment as a matter of law is not warranted. *Project Release v. Prevost*, 722 F.2d 960, 962 (2d Cir.1983); *Bradsher v. Missouri Pacific R.R., supra*, 679 F.2d at 1256 (8th Cir.1982).

The defendants' motion for summary judgment is denied and dismissed.

It is so Ordered.